**UNITED STATES, Plaintiff–Appellee,**

v.

**David W. LARSEN,
Defendant–Appellant.**

**No. 90–1646.**

United States Court of Appeals,
Seventh Circuit.

Argued July 12, 1990.

Decided Aug. 9, 1990.

**1048**

Ruth Braswell, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Peter L. Steinberg, King Street Alternative Law Office, Inc., Madison, Wis., for defendant-appellant.

Before CUDAHY and POSNER, Circuit Judges, and PELL, Senior Circuit Judge.

PELL, Senior Circuit Judge.

Defendant David Larsen pleaded guilty to one count of theft of United States property in violation of 18 U.S.C. § 641. Larsen was sentenced under the Sentencing Guidelines to a term of twenty-one months, to be followed by a three year term of supervised release. The only issue on appeal is whether the district court erred by denying Larsen's request for a two point reduction in his offense level for acceptance of responsibility pursuant to Guidelines § 3E1.1.

Larsen worked for the Small Business Administration (SBA) office in Madison, Wisconsin. He was an input operator for a computer payment system which administered the SBA's Guaranty Loan Purchase Program. The computer system allowed the SBA's district offices to purchase participating bank loans that were being liquidated by the participating bank and the SBA. The system permitted the wire transfer of SBA funds from the United States Treasury to a participating bank. Between June 5, 1989 and September 11, 1989, Larsen used both his and his supervisor's security codes to transfer $26,333 from the U.S. Treasury into the bank accounts of his brother and two friends. He obtained this money from his brother and friends by claiming that the transfers were from his retirement account. Then he bought a car and headed for Las Vegas, where, like the prodigal son, he squandered the money on reckless living. After discovering the illegal transfers, the SBA alerted the U.S. Attorney's Office.

On January 12, 1990, Larsen pleaded guilty to the last count of an eight count indictment, and the district court dismissed the seven other charges. Under the plea agreement, Larsen was required to make full restitution and the Government agreed to recommend a two-level reduction in the base offense level for acceptance of responsibility. Around the beginning of the year, Larsen received a package from the SBA regarding refunds of his pension money, health insurance benefits, life insurance benefits and thrift savings plan. On January 16, 1990, Larsen completed an application for a refund of his pension contribution using his sister's address in Madison. The United States Government Refund and Deposit Unit, Office of Personnel Management in Boyers, Pennsylvania received the application materials and sent a check in the amount of $11,980 to Larsen at his sister's address on February 8.

Around the beginning of February, a probation officer questioned Larsen concerning his financial status. Larsen denied having any expectation of receiving benefits related to a pension plan. The probation officer also mailed Larsen a form entitled "Personal Financial Statement," which Larsen filled out on February 6. One question in the form asked:

> [d]o you receive or under any circumstances expect to receive benefits, from any established trust, from a claim of compensation or damages, or from a contingent or future interest in property of any kind (i.e. inheritance, profit-sharing or *pension plan*)? If so explain. [Emphasis added].

Larsen answered this question, and five others on the same page, "N/A."

After receiving this information from Larsen, the probation officer prepared a presentence report on February 12. Regarding assets, the report noted that information concerning money in Larsen's retirement account had been requested from Larsen. This report included a two level reduction for acceptance of responsibility

and no upward adjustment for obstruction of justice.

On March 1, a supervisor of the Refund Deposit Unit advised the probation officer, informing him that the Unit had issued Larsen a refund check. The probation officer then filed an addendum to the presentence report recommending that Larsen receive a two level increase for obstruction of justice pursuant to Guidelines § 3C1.1. The report continued to suggest a two level reduction for acceptance of responsibility.

At the sentencing hearing, Larsen testified that he had never expected to receive the pension check because his attorney had already explained to him that all his assets would go towards restitution, which, he said, explained his answer to the probation officer and in the financial statement. Upon hearing that his sister had received the check, Larsen reported telling her "[j]ust don't do anything with it, you know. I have to talk to my attorney about it." But his attorney was on vacation and did not meet with him until February 27. Larsen then told his attorney about the check, and both men agreed that it would be tendered to the court at the sentencing hearing.

The district court stated that Larsen's actions had "impeded proceedings" pursuant to Guidelines § 3C1.1. The district court found that Larsen had purposely concealed the pension fund information and that these activities involved the same course of conduct as the charged offense. The district court, however, concluded that no substantial damage resulted from Larsen's plan and declined to add a two point upward adjustment for obstruction of justice.

The district court then denied a two level reduction of the offense level for acceptance of responsibility pursuant to Guidelines § 3E1.1 based on these same facts. The court stated that Larsen had not clearly demonstrated his acceptance of responsi-

bility but instead engaged in "business as usual," by attempting to obtain assets illegally and to place them in the hands of another person for his own use. To an offense level of fourteen the court added a criminal history category of I, which lead to a sentencing range of between fifteen and twenty-one months imprisonment. The court sentenced Larsen to the maximum term of twenty-one months imprisonment.

■ Whether Larsen accepted responsibility within the meaning of Guidelines § 3E1.1 is a question of fact for the district court to resolve. *United States v. Franklin*, 902 F.2d 501, 505–06 (7th Cir.1990); *United States v. Jordan*, 890 F.2d 968, 972 (7th Cir.1989). This court will uphold a district court's factual findings in determining a sentence unless they are clearly erroneous. 18 U.S.C. § 3742(e); *Franklin*, 505–06; *Jordan*, 890 F.2d at 972. Application Note 5 of Guidelines § 3E1.1 provides that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation."[1]

■ Guidelines § 3E1.1(a) provides that "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for the offense of conviction, reduce the offense level by 2 levels." This Guideline also states that while a guilty plea may provide some evidence of a defendant's acceptance of responsibility, the plea by itself does not entitle the defendant to a two point reduction. Guidelines § 3E1.1(c) and Application Note 3. Application Note 4 of Guidelines § 3E1.1 states that "[c]onduct resulting in an enhancement under § 3C1.1 (Wilfully Obstructing or Impeding Proceedings) ordinarily indicates that the defendant has not accepted responsibility for his criminal con-

---

1. The Commentary to the Guidelines, which includes the application notes, is to be treated as the legal equivalent of a policy statement. Guidelines § 1B1.7; *United States v. DeCicco*, 899 F.2d 1531, 1537 (7th Cir.1990); *United States v. Guerrero*, 894 F.2d 261, 265 n. 2 (7th

Cir.1990). Because they are contemporaneous explanations of the Guidelines by their authors, these notes are entitled to substantial weight. *United States v. Terry*, 900 F.2d 1039, 1042 (7th Cir.1990).

**1050**

duct." Further, the commentary to Guidelines § 3C1.1 regarding obstruction of justice notes that "furnishing material falsehoods to a probation officer in the course of a presentence ... investigation" may provide a basis for applying a two level increase in the base level offense for obstruction of justice. If the district court properly found that Larsen obstructed justice, then he is presumed not to have accepted responsibility as set forth in Guidelines § 3E1.1, Application Note 4.

Although the evidence regarding Larsen's answer to the probation officer and answer on the financial statement are subject to more than one interpretation, the court's finding that Larsen obstructed justice was not clearly erroneous. Larsen twice told the probation officer—once orally and once in writing—that he did not expect to receive any money from a pension fund, even though he had filed an application for these benefits two weeks earlier. The question of Larsen's intent in answering these questions was a factual dispute requiring the district court to make a credibility determination. The district court heard Larsen's testimony at the sentencing hearing and chose to reject it, relying instead on Larsen's prior manifestations. The district court's conclusion that Larsen intentionally lied about the pension money is therefore not without foundation.

Larsen also argues that the district court did not construe the evidence in his favor as suggested by Application Note 2 to Guidelines § 3C1.1 before finding that he obstructed justice. Application Note 2 provides that "[i]n applying this provision, suspect testimony and statements should be evaluated in a light most favorable to the defendant." Although "suspect testimony" should be construed in favor of the defendant, the note simply instructs the sentencing judge to resolve in favor of the defendant those conflicts about which the judge, after weighing the evidence, has no firm conviction. In this case the district court was convinced that Larsen had attempted to hide the pension funds.

The evidence at the sentencing hearing was sufficient to determine that Larsen knew about the possibility of receiving money from his pension fund and that he failed to disclose this information to the probation officer even after he had notice that the probation officer had made a specific inquiry for this information. As the district court noted, this pattern of activity was consistent with Larsen's conduct in the underlying offense. An enhancement for obstruction of justice under § 3C1.1 would not have been clearly erroneous and therefore the district court's refusal to adjust the base level offense downward for acceptance of responsibility was proper. For these reasons, the judgment of the district court is

AFFIRMED.