920 F.2d 935
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Virgilio SERRANNO, Defendant-Appellant.
 No. 89-2763.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 27, 1990.
Decided Dec. 5, 1990.
 
 Before WOOD, Jr. and EASTERBROOK, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 A jury convicted defendant-appellant Virgilio Serranno of conspiracy and possession with intent to distribute heroin.[1] The district court sentenced Serranno to 144 months incarceration and lifetime supervised release. This sentence was within the guideline range calculated from the following Sentencing Guidelines: the base offense level of 26; a two-level increase for Serranno's leadership role, pursuant to Sentencing Guideline Sec. 3B1.1; and another two-level increase for obstruction of justice, pursuant to Guideline Sec. 3C1.1.
 
 
 2
 Serranno challenges the obstruction of justice sentence enhancement. U.S.S.G. Sec. 3C1.1. At sentencing, the trial court found that statements Serranno made to the magistrate at the suppression hearing were untruthful and merited application of Sec. 3C1.1. Serranno claims that these statements were not material to the issues at trial and therefore did not constitute obstruction of justice. Serranno did not raise the materiality argument before the district court, and so we find that he waived that argument now presented to this court. In light of this waiver, we affirm.
 
 
 3
 The Drug Enforcement Agency (DEA) discovered Serranno's involvement in the heroin business through an undercover purchase by a confidential informant and Officer Robert Zavala of the Chicago Police Department on August 15, 1988. Following this drug transaction, Zavala and two DEA agents went to Serranno's apartment. When Serranno answered the door, the three officers showed their badges and identified themselves. Zavala asked Serranno if he had any drugs in the apartment. Serranno replied that he did not have any drugs, and that the officers could check for themselves. Zavala asked for Serranno's consent to search the apartment. Serranno agreed to the search and the officers proceeded.
 
 
 4
 While conducting the search, one of the DEA agents looked on the back porch and noticed a box containing drug paraphernalia. When asked about the items in the box, Serranno told Officer Zavala that they had been left on the porch by the previous landlord or tenant. The officers asked Serranno whether they could take the materials and he consented, saying he was glad to get the items out of his house.
 
 
 5
 Prior to the trial, Serranno filed a motion to suppress the evidence seized from his apartment as well as any statements made at that time, contending he did not freely consent to the search. The magistrate denied the motion after a suppression hearing.
 
 
 6
 At the suppression hearing, Officer Zavala testified about the search and recounted what Serranno told him regarding the source of the equipment found on the back porch. Serranno also testified and he denied telling the officers that the paraphernalia had been left by a previous tenant or landlord, as Zavala had maintained. Instead, Serranno stated that he had told the agents that he found the materials in an alley and brought them to his porch. Because of Serranno's contradictory statements to Officer Zavala and to the magistrate, the district court found that Serranno attempted to obstruct the administration of justice under Guideline Sec. 3C1.1.
 
 
 7
 The Guideline Sec. 3C1.1 language in effect at Serranno's sentencing provided for a two-step increase in offense level "[i]f the defendant willfully impeded or obstructed, or attempted to impede or obstruct, the administration of justice during the investigation or prosecution of the instant offense." U.S.S.G. Sec. 3C1.1. The commentary stated that the section applied to a "defendant who engages in conduct calculated to mislead or deceive authorities or those involved in a judicial proceeding ... in respect to the instant offense." U.S.S.G. Sec. 3C1.1, comment (deleted in amendments effective November 1, 1990). According to the application note to Guideline Sec. 3C1.1, among the conduct which "may provide a basis for applying [the obstruction] adjustment" is "testifying untruthfully or suborning untruthful testimony concerning a material fact." U.S.S.G. Sec. 3C1.1, comment. (n. 1(c)).[2]
 
 
 8
 At the sentencing hearing, Serranno did not object to the obstruction enhancement on materiality grounds but instead objected by asserting that the statements were not clearly untruthful. Serranno argued that the evidence was insufficient to prove untruthfulness, when viewed in the light most favorable to the defendant, because Officer Zavala's testimony created uncertainty as to what Serranno stated at the time of his arrest.
 
 
 9
 Assuming, as found by the court, that the testimony was untruthful, Serranno challenges the obstruction enhancement on the grounds that his untruthful testimony falls outside the ambit of Guideline Sec. 3C1.1 because the statements were not material to the issues at trial. As this court has noted frequently, "[i]t is a well-established general proposition that "a litigant cannot present to [the reviewing court] as a ground for reversal an issue which was not presented to the trial court and which it, therefore, had no opportunity to decide.' " Holleman v. Duckworth, 700 F.2d 391, 394-95 (7th Cir.), cert. denied, 464 U.S. 834 (1983) (quoting Stern v. United States Gypsum, Inc., 547 F.2d 1329, 1333 (7th Cir.), cert. denied, 434 U.S. 975 (1977)). See also United States v. White, 903 F.2d 457, 466 (7th Cir.1990); United States v. Carter, 720 F.2d 941, 945 (7th Cir.1983). Because Serranno's failure to oppose the sentence enhancement on materiality grounds at the sentencing hearing constituted a waiver of that argument, we will not reverse the district court's sentencing decision.
 
 
 10
 In spite of Serranno's waiver of the materiality argument, we considered the argument and found it to be without merit. The untruthful testimony before the magistrate was a material fact and Serranno's conduct constituted an obstruction of justice under the guidelines.[3]
 
 
 11
 For all of the above reasons, the decision of the district court is
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Violation of 21 U.S.C. Sec. 846 and 21 U.S.C. Sec. 841(a)(1)
 
 
 [2]
 The amendments to Sec. 3C1.1 became effective November 1, 1990 and are intended to clarify the guideline. See United States v. Aguilera-Zapata, 901 F.2d 1209, 1213 (5th Cir.1990) ("Because this [Guideline] amendment was intended to clarify," not to make substantive changes, "we may consider the amended language.") The application notes now include "providing materially false information to a judge or magistrate" as an example of conduct meriting the application of Sec. 3C1.1. U.S.S.G. Sec. 3C1.1, comment. (n. 3(f)). A "material" statement is defined as one that "if believed, would tend to influence or affect the issue under determination." Sec. 3C1.1, comment. (n. 5). See United States v. Larsen, 909 F.2d 1047, 1049 n. 1 (7th Cir.1990) ("Because they are contemporaneous explanations of the Guidelines by their authors, these notes are entitled to substantial weight.")
 
 
 [3]
 See United States v. Jordan, 890 F.2d 968, 973 (7th Cir.1989) (untruthful statement to probation officer regarding drug use considered a material falsehood, relevant to the probation officer and the district court, and worthy of application of Guideline Sec. 3C1.1)