14 F.3d 605
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carolyn Ann DAVIS, Defendant-Appellant.
 No. 93-1826.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 27, 1993.
Decided Dec. 17, 1993.
 
 1
 Before CUMMINGS and FLAUM, Circuit Judges, and WILL, Senior District Judge*.
 
 ORDER
 
 2
 In November 1992 defendant was indicted for making false statements to an agency of the United States in violation of 18 U.S.C. Sec. 1001. She pled guilty and was sentenced to 14 months imprisonment and two years supervised release. She now appeals from that sentence solely on the ground that she was improperly denied a two-level reduction for acceptance of responsibility in the calculation of her sentence under the Federal Sentencing Guidelines.
 
 Facts
 
 3
 Defendant has a history of making false statements to the government. This case arose out of a false representation in defendant's August 11, 1991, bid for a hangar-painting contract submitted to the United States Air Force at Scott Air Force Base, Illinois. In that bid she falsely indicated that neither her firm, Tech-Star Construction, nor any of its principals, of which she was the only one, was presently debarred from federal contracts or had been convicted within the prior three years of making false statements. In fact, Davis had been debarred from working for the government on account of an October 1989 conviction of making false statements. Defendant used her maiden name, Carolyn Smith, in the August 1991 bid in order to avoid detection.
 
 
 4
 This was not the only time defendant lied about her October 1989 conviction. At about the same time that she submitted her bid in the instant case, she also submitted a bid for a painting contract at Fort Leonard Wood, Missouri, in which she misrepresented her eligibility to bid on government contracts and again used her maiden name to avoid detection. This fraudulent bid came to light in November 1991 and because of it defendant's sentence of two years probation on the October 1989 conviction, entered by the United States District Court for the Eastern District of Missouri, was extended for two years.
 
 
 5
 The August 1991 bid did not come to light until August 4, 1992, when defendant advised her probation officer in St. Louis, Missouri, that she had obtained the Scott Air Force Base contract, as well as other government contracts, in violation of her initial probation. After negotiations Davis and the government entered into a plea agreement in the present case wherein the parties agreed that she had voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct, and the government agreed to recommend a two-level reduction in calculating her sentence under the Federal Guidelines. Also on account of her conduct with respect to the Scott Air Force Base bid, defendant's probation for the October 1989 conviction was revoked and she was sentenced to four months in prison, to be followed by a two-year term of supervised release. Judge Stiehl was informed of this before the sentencing hearing in the instant case.
 
 
 6
 Defendant entered her plea herein on February 4, 1993. At that time she lied to the court under oath concerning her educational background. She represented that she had both a master's degree in business and a J.D. in law. She repeated this claim to the probation office. In fact, defendant had neither an M.B.A. nor a J.D., not having completed college. On account of this further misrepresentation, in its presentence report the government recommended adding two levels to the base offense level, for obstruction of justice, although it also recommended a two-level reduction for defendant's acceptance of responsibility. The court below, in calculating defendant's sentence under the Guidelines, refused to add two offense levels for obstruction of justice but also refused to subtract two offense levels for acceptance of responsibility. Defendant appeals the denial of a two-level reduction for acceptance of responsibility. We affirm.
 
 Discussion
 
 7
 Defendant argues that the district court wrongly denied her a two-point downward adjustment for acceptance of responsibility. She argues that "acceptance of responsibility does not contemplate acceptance for all illegal conduct or for any and all improper actions." While this may be true, the Application Notes accompanying Sec. 3E1.1 (the acceptance of responsibility section of the Sentencing Guidelines) provide that evidence of acceptance of responsibility "may be outweighed by conduct of the defendant that is inconsistent with such acceptance," and that the determination of the sentencing judge is entitled to great deference on review. U.S.S.G. Sec. 3E1.1 Application Notes 3, 5. Accord United States v. Franklin, 902 F.2d 501, 505 (7th Cir.1990), certiorari denied sub nom. Mann v. United States, 948 U.S. 906. The defendant bears the burden of demonstrating that she is entitled to the reduction, and we will reverse the district judge's determination only if it is clearly erroneous. United States v. Leiva, 959 F.2d 637, 644 (7th Cir.1992), certiorari denied, 113 S.Ct. 2372.
 
 
 8
 In this case, the sentencing judge concluded that defendant's perjury at the hearing on her guilty plea was inconsistent with her earlier acceptance of responsibility. Tr. 12. He added that defendant "clearly did not accept full responsibility for her criminal conduct when she comes before this Court and under oath lies to the Court." Tr. 13. Defendant herself thereupon conceded that she "will have to accept the Court's judgment that I have not totally accepted responsibility." Tr. 15. Consistent with the great deference to which the sentencing judge is entitled on this issue, U.S.S.G. Sec. 3E1.1 Application Note 5, this Court likewise must accept the lower court's judgement.
 
 
 9
 In United States v. DeFilippis, 950 F.2d 444, 447 (7th Cir.1991), this Court recognized the pertinence of giving false information during sentencing proceedings to the issue of accepting responsibility. In that case as in this one the underlying crime involved the making of false statements, and the defendant made additional false statements in the context of his sentencing. There too the false information was held probative on the issue of acceptance of responsibility. Accord United States v. Larsen, 909 F.2d 1047 (7th Cir.1990) (affirming the lower court's refusal to reduce the sentencing level for acceptance of responsibility when defendant, who pled guilty to theft of United States property and agreed to make restitution, attempted to conceal income from his probation officer). Because defendant's lying in court was consistent with her conduct in the underlying offense, she was properly denied credit for acceptance of responsibility. Id. at 1050.
 
 
 10
 Judgment affirmed.
 
 
 
 *
 The Honorable Hubert L. Will, Senior District Judge for the Northern District of Illinois, is sitting by designation