47 F.3d 1174
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John SHERWOOD, Defendant-Appellant.
 No. 94-2952.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 25, 1995.
Decided Feb. 24, 1995.
 
 Before FLAUM, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 John Sherwood challenges the sentence imposed by the district court pursuant to a guilty plea to the charge of conspiracy to possess goods stolen from an interstate shipment in violation of 18 U.S.C. Sec. 371. Sherwood argues that the district court erred by refusing to award him a two-point offense level reduction for acceptance of responsibility under United States Sentencing Guideline Sec. 3E1.1(a). We disagree and affirm the sentence imposed by the district court.
 
 BACKGROUND
 
 2
 In November, 1992, Sherwood obtained a tractor-trailer loaded with stolen Tennessee Pride Brand food products. Sherwood delivered some of the stolen goods to co-defendant Steven Ziemek at his place of business and some of the stolen goods to a food wholesaler and later disposed of the tractor-trailer. At the time this offense was committed, Sherwood had escaped from a halfway house in Chicago where he was completing a prior sentence for theft from an interstate shipment. On December 13, 1992, Sherwood was arrested based upon a warrant issued following his escape and placed back into custody on his prior conviction. The incarceration for that conviction lasted until November 29, 1993. The magistrate judge ordered that Sherwood remain in custody pending further order of the court or trial on the November, 1992 tractor-trailer theft.
 
 
 3
 In January, 1994, the grand jury returned a five-count indictment charging Sherwood for crimes relating to the November, 1992 tractor-trailer theft. Sherwood was released from custody on a bond issued by the district court. The conditions of Sherwood's release required that Sherwood appear in court. Sherwood was also subject to home detention under electronic monitoring and permitted to leave his home only for employment, attorney visits and court appearances.
 
 
 4
 On April 8, 1994, Sherwood's counsel was informed that Sherwood must appear before United States District Court Judge Milton I. Shadur on April 11, 1994 for a hearing on a government motion to revoke his bond. Sherwood failed to appear on April 11, 1994. According to Sherwood's brother, Sherwood left a note on April 11, 1994 stating that "he was tired of all this and he was leaving." Sherwood was declared a fugitive and an arrest warrant issued. On April 17, 1994, Sherwood was arrested in Hammond, Indiana.
 
 
 5
 In his written plea agreement, Sherwood stipulated that he knowingly received, possessed, stored and disposed of a tractor-trailer which had crossed a state boundary after being stolen and that Sherwood knew at the time of his possession the tractor-trailer had been stolen. Sherwood also stipulated that on April 11, 1994 he knowingly failed to appear before United States District Court Judge Milton I. Shadur for a hearing on the government's motion to revoke his bond. Sherwood was subsequently sentenced to fifty-four months imprisonment and three years of supervised release.
 
 
 6
 At sentencing and in his objections to the presentence report, Sherwood argued that he was entitled to an offense level reduction for acceptance of responsibility. Sherwood argued that since his failure to appear in court on April 11, 1994 and subsequent flight were the result of extreme stress resulting from emotional and financial difficulties and not causally related to the case, he was entitled to a reduction based upon his admissions of guilt. The district court did not award Sherwood a reduction for acceptance of responsibility and Sherwood appeals.
 
 ANALYSIS
 
 7
 The court employs a two-tiered standard of review for Guideline cases: "Factual findings are reviewed under a clearly erroneous standard, while interpretations of Guidelines requirements--whether the Guidelines require specific findings and, if so, whether the district court made those findings--receive de novo consideration." United States v. Jones, 983 F.2d 1425, 1429 (7th Cir.1993) (citation omitted). In general, the district court's determination of a defendant's acceptance of responsibility is a factual determination and will be overturned only if clearly erroneous. United States v. Pitz, 2 F.3d 723, 732 (7th Cir.1993), cert. denied sub nom., DuPont v. United States, 114 S.Ct. 2141 (1994); United States v. Bafia, 949 F.2d 1465, 1476 (7th Cir.1991). A defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a reduction in offense level for acceptance of responsibility. United States v. Robinson, 20 F.3d 270, 271 (7th Cir.1994); United States v. Skinner, 986 F.2d 1091, 1100 (7th Cir.1993).
 
 
 8
 The Guidelines permit the district court to reduce a defendant's offense level by two points "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. Sec. 3E1.1(a) (1994). When a defendant has received an enhancement in offense level under U.S.S.G. Sec. 3C1.1 for obstruction of justice, the presumption is that the defendant has not accepted responsibility so as to qualify for a reduction. United States v. Larsen, 909 F.2d 1047, 1050 (7th Cir.1990). Application note 4 to Guideline Sec. 3E1.1 explains that:
 
 
 9
 Conduct resulting in an enhancement under Sec. 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases where adjustments under both Secs. 3C1.1 and 3E1.1 may apply.
 
 
 10
 U.S.S.G. Sec. 3E1.1. Application note 4 (1994). "Only extraordinary situations permit a two-level increase under Guidelines Sec. 3C1.1 to be effectively canceled out by a two-level decrease under Guidelines Sec. 3E1.1 ..." Jones, 983 F.2d at 1434. Such an extraordinary situation may exist "where the defendant challenges the underlying constitutionality of the charge." Id.
 
 
 11
 Here Sherwood argues that the district court's refusal to find that his circumstances qualify as an "extraordinary case" was based upon a misinterpretation of the Guidelines. This misinterpretation, according to Sherwood, supplies a basis for de novo review by the Court of Appeals. At sentencing, the district court stated that:
 
 
 12
 ... [S]hort of somehow being physically barred from the opportunity to comply with the court order, it was your responsibility to do it. Whatever the motivations were, they are the kind of things the cases tell us doesn't [sic] qualify for acceptance of responsibility. So although I recognize the sincerity of the argument, I have to reject it just as a matter of law.
 
 
 13
 That is, unless somebody is really suffering what the law would recognize as duress so that the person is essentially deprived of free will, typically the reaction of the law is ... to take a look at what people do. And if what people do tends to evidence absence of acceptance, doesn't that then drive the engine?
 
 
 14
 (emphasis added). From a review based upon the limited context of these excerpts, the court appears to have ruled that as a matter of law an "extraordinary case" under the Guidelines can occur only when there is an affirmative defense to the obstruction, which is a scenario that would not result in an increase for obstruction of justice. Our review, however, it not so isolated.
 
 
 15
 Admittedly the court's choice of "as a matter of law" language lacks precision and we take this opportunity to reiterate that the decision whether to credit a defendant with a two-point reduction in offense level for acceptance of responsibility while simultaneously adding two points for obstruction of justice must be based upon the sound discretion of the court. It is the responsibility of the district court to decide on a case by case basis whether a defendant qualifies as an "extraordinary case."
 
 
 16
 As noted above, our review of the sentence imposed by the district court is not confined to a line by line analysis of sentencing hearing transcript, but based upon the sentencing proceedings as a whole. A review of the entire sentencing proceedings establishes that Judge Shadur understood he had the discretion to credit Sherwood with acceptance of responsibility had Sherwood demonstrated that he was entitled to the reduction. It is clear from the record that Sherwood did not carry his burden of proof to establish his case was an "extraordinary case". Even accepting Sherwood's claim that factors external to the offense of conviction, namely extreme stress, caused him to obstruct justice, he failed to prove he was entitled to an offense level reduction for accepting responsibility for his crimes.
 
 
 17
 Sherwood points to his guilty plea and statements at sentencing that after his imprisonment he wanted to get a fresh start with his life away from the bad influences in the Chicago area as entitling him to credit for acceptance of responsibility. He argues that "these factors are surely enough to support an acceptance reduction, absent an obstruction bar." But this is precisely the point--once a defendant has received an increase for obstruction of justice the defendant bears an additional burden of showing that his is an "extraordinary case".[1] There is no warrant for allocating Sherwood's case to the extraordinary category. See United States v. Eske, 925 F.2d 205, 208 n. 3 (7th Cir.1991) ("It cannot be clearly erroneous for a sentencing judge to deny a downward departure for acceptance of responsibility when the judge has already found that the defendant has willfully obstructed justice."). See also Jones, 983 F.2d at 1434 (affirming denial of Sec. 3E1.1 reduction when defendant failed to establish his was an extraordinary case); Larsen, 909 F.2d at 1050 (same); but see United States v. Lallemand, 989 F.2d 936, 938 (7th Cir.1993) (affirming Sec. 3E1.1 reduction for post-arrest contrition even though defendant received Sec. 3C1.1 enhancement based upon defendant's pre-arrest instruction to friend to destroy evidence).
 
 CONCLUSION
 
 18
 Whether reviewed under a de novo or a more deferential standard of review, the district court's decision not to grant Sherwood a two-point credit for acceptance of responsibility is supported by the record and was not in error. The sentence imposed by the district court is AFFIRMED.
 
 
 
 [1]
 In addition, it is worth noting that the factors that Sherwood points to as supporting a reduction, his guilty plea and statements at sentencing, do not per se create an entitlement to a reduction. The Guidelines are clear that a defendant who enters a guilty plea is not entitled as a matter of right to a reduction for acceptance of responsibility. U.S.S.G. Sec. 3E1.1, Application note 3 (1994). See also Skinner, 986 F.2d at 1100 (acceptance of responsibility does not automatically apply merely because a defendant pleads guilty); United States v. Escobar-Mejia, 915 F.2d 1152, 1153 (7th Cir.1990) (same)