142 F.3d 441
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Amador SANCHEZ, Defendant-Appellant.
 No. 96-2805.
No. 93 CR 31-1.
 United States Court of Appeals,
Seventh Circuit.
 .
Argued March 3, 1998.
Decided March 17, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.
 Before Hon. JESSE E. ESCHBACH, Hon. JOHN L. COFFEY, Hon. ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 ASPEN, Chief J.
 
 
 2
 Amador Sanchez pleaded guilty to conspiring to possess with intent to distribute 800 pounds of marijuana and was sentenced to seventy months' imprisonment. The only issue on appeal is whether the district court erred in refusing to grant Sanchez a two-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. The district court found that Sanchez was not entitled to the reduction because after his arrest, he fled the jurisdiction, failed to appear for trial, and remained a fugitive for twenty-nine months until he was re-arrested. Based on his failure to appear, the court also imposed a two-level increase under U.S.S.G. § 3C1.1 for obstructing or impeding the administration of justice. We affirm.
 
 
 3
 Sanchez was arrested on January 13, 1993 and charged by indictment with conspiracy to possess with the intent to distribute marijuana and with attempted possession of 800 pounds of marijuana. 21 U.S.C. §§ 841 and 846. The police had become aware of the conspiracy two days earlier when the Illinois State Police pulled over one of Sanchez's co-defendants, Jesus Gonzalez, during a routine traffic stop, and they found approximately 800 pounds of marijuana. After his arrest, Gonzalez agreed to cooperate with the police.
 
 
 4
 While acting as a police informant, Gonzalez and an undercover agent arranged with Sanchez to deliver the marijuana at a car wash in Aurora in exchange for a cash payment of $33,000. Upon arriving at the car wash, Sanchez and a co-defendant showed the $33,000 to the undercover agent. The agent then drove the U-Haul truck into the car wash and signaled other law enforcement officers to arrest everyone inside the building. Sanchez attempted to run out the back door of the car wash, but several officers restrained him, and he was arrested.
 
 
 5
 Sanchez was released on a $10,000 bond. When Sanchez failed to appear for trial in April of 1993, the court issued a bench warrant for his arrest. Sanchez was arrested in El Paso, Texas approximately twenty-nine months later and was returned to the Northern District of Illinois.
 
 
 6
 Upon his return to the Northern District of Illinois, Sanchez agreed to enter into a plea agreement, and represented to the court that he had participated in the conspiracy as it was set forth in the plea agreement. At the sentencing hearing, the court agreed to "give [Sanchez] the benefit of the doubt" and grant him two-level reduction under U.S.S.G. § 3B1.2(b) for his minor role in the conspiracy. Sanchez did not contest the recommendation in the presentence report that the court impose a two-level increase in his offense level for obstruction of justice under U.S.S.G. § 3C1.1. Sanchez, however, objected to the recommendation that he was not entitled to a two-level reduction under § 3E1.1 because he fled the jurisdiction and failed to appear for trial. The court refused to reduce Sanchez's sentence level for acceptance of responsibility, stating: "I think the guidelines and the cases not only make it clear that the defendant by fleeing the jurisdiction has disqualified himself for the acceptance of responsibility deduction, and for that reason that objection will be overruled."
 
 
 7
 In the district judge's comments, he seemed to be under the impression that he could never give a reduction for acceptance of responsibility when he also imposed a sentence enhancement for obstruction of justice. Although a presumption is created that the defendant did not accept responsibility under § 3E1.1 when a court enhances a defendant's offense level for obstructing justice, adjustments under both §§ 3C1.1 and 3E1.1 may apply in "extraordinary cases." United States v. Ewing, 129 F.3d 430, 435 (7th Cir.1997) (citing United States v. Larsen, 909 F.2d 1047, 1050 (7th Cir.1990)) Any misunderstanding regarding the application of the two guidelines, however, is harmless error, because Sanchez was not entitled to a reduction for acceptance of responsibility. See United States v. Saunders, 129 F.3d 925, 932 (7th Cir.1997).
 
 
 8
 Sanchez argues that his case is one of the "extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." Ewing, 129 F.3d at 435 (quoting U.S.S.G. § 3E1.1 comment, n. 4). According to Sanchez, he demonstrated an acceptance of responsibility by promptly signing the written plea agreement upon his return to the jurisdiction and thereby relieving the government of its burden of proving his guilt beyond a reasonable doubt, by acknowledging the truth of the plea agreement under oath; by acknowledging that his actions were wrong; and by not attempting to minimize his role in the crime.
 
 
 9
 The present case, however, is not an "extraordinary case" warranting the application of both §§ 3C1.1 and 3E1.1. Section 3.E1.1(a) provides that a defendant may be granted a reduction "if the defendant clearly demonstrates acceptance of responsibility for his offense." "Conduct resulting in an enhancement under § 3C1.1 ... ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1 comment, n. 4. "The judge thought that there was nothing 'extraordinary' about [Sanchez's] case, and given deferential appellate review, it is impossible to gainsay that conclusion." United States v. Keeter, 130 F.3d 297, 299 (7th Cir.1997), petition for cert. filed (U.S. Feb. 20, 1998) (No. 97-7992) (internal citations omitted). Sanchez's decision to enter into a plea agreement, without more, is not enough to show the extraordinary circumstances necessary to entitle him to a downward adjustment. "A defendant who enters a guilty plea is not entitled to an adjustment ... as a matter of right." Ewing, 129 F.3d at 435 (quoting U.S.S.G. § 3E1.1 comment, n. 3). Although Sanchez argues that he promptly entered into the plea agreement upon his return to Illinois, thereby saving the government the burden of preparing for trial, his failure to appear for his initial trial in April 1993 enabled him to avoid prosecution for over two years. Sanchez's violation of the conditions of his pre-trial release and his failure to appear "reflect negatively on the extent of [his] acceptance of responsibility for his criminal conduct and affirmatively demonstrate the limits of his rehabilitative efforts." United States v. Curtis, 37 F.3d 301, 309-10 (7th Cir.1994). Under these circumstances, it is reasonable to conclude that Sanchez's guilty plea could be " 'more indicative of a defendant's wish to escape greater punishment than ... a genuine expression of contrition.' " Ewing, 129 F.3d at 436 (quoting United States v. Akindele, 84 F.3d 948, 957 (7th Cir.1996)).
 
 
 10
 Accordingly, we AFFIRM the sentence imposed by the district court.