**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Hernando ESCOBAR–MEJIA,**
**Defendant–Appellant.**

**No. 90–1029.**

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 10, 1990.

Decided Oct. 15, 1990.

Loretta H. Davenport, Barry R. Elden, Asst. U.S. Attys., Crim. Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

Robert C. Perry, Indianapolis, Ind., for defendant-appellant.

Before CUMMINGS, CUDAHY, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Charged with distributing cocaine, Hernando Escobar–Mejia pleaded guilty to both counts. There was no plea bargain. He sought, and did not receive, the two-level reduction that the Sentencing Guidelines provide for "acceptance of responsibility". U.S.S.G. 3E1.1. After Escobar–Mejia refused to tell the district court anything

about his sources or accomplices, the judge declined to grant the reduction. The judge also concluded that Escobar–Mejia had distributed more than five kilograms of cocaine. This produced an offense level of 32 and a sentence of 121 months' imprisonment, the least allowed for that level.

 Escobar–Mejia maintains that the judge confused "acceptance of responsibility" with "substantial assistance to the government", a different (and potentially cumulative) reduction provided by U.S.S.G. 5K1.1. A defendant may accept responsibility for his own acts without helping the government to convict others, and the reverse. "Acceptance of responsibility" is in most cases a thinly disguised reduction for pleading guilty, a lure the prosecutor and the court may dangle for saving them the time and risk of trial. Perhaps it would have been simpler had the Guidelines said this. They do not, the reduction is not automatic, *United States v. Franklin*, 902 F.2d 501 (7th Cir.1990); U.S.S.G. 3E1.1(c), and the vague standard creates a possibility of confusion. If the district judge indeed denied Escobar–Mejia a reduction under § 3E1.1 just because he did not satisfy the different standard for the reduction under § 5K1.1, we would be required to remand so that the judge could correct a misapplication of the guidelines, 18 U.S.C. § 3742(f)(1). See *United States v. Cross*, 900 F.2d 66, 70 n. 1 (6th Cir.1990) (implication, made express in Judge Ryan's concurrence, 900 F.2d at 71).

Our task is complicated by the district court's failure to give a succinct statement of reasons for imposing sentence, of the kind 18 U.S.C. § 3553(c) contemplates. See *United States v. White*, 888 F.2d 490, 495 (7th Cir.1989). We have only interchanges between the judge and the defendant (and his lawyer); the statutory "reasons for [the] imposition of the particular sentence" must be cobbled together from the colloquy.

Plainly the judge wanted Escobar–Mejia to identify his sources of supply.* He refused, expressing concern for his safety, and the judge refused in turn to grant the reduction under § 3E1.1. Much of what was said is consistent with a conclusion that the judge confused the standards of § 5K1.1 with those of § 3E1.1.

Still, a discussion "consistent" with error is not necessarily error. A demand for information about sources and colleagues also may be consistent with the proper implementation of § 3E1.1. *United States v. Tellez*, 882 F.2d 141, 143 (5th Cir.1989); cf. *United States v. Gordon*, 895 F.2d 932, 935 (4th Cir.1990). A defendant "accepts responsibility" only when he fesses up to his actual offense. Both the prosecutor and judge doubted Escobar–Mejia's self-description. He depicted himself as a pawn of others, carrying the drug to transactions in which he had little role; he denied that his sales exceeded five kilograms. The prosecution's evidence made out Escobar–Mejia as a wholesaler who delivered at least seven kilograms to James Loizzi and had many other customers. If the facts were as the prosecution portrayed them—as the judge must have believed they are, for he concluded that Escobar–Mejia sold more than five kilograms—then Escobar–Mejia was not candid about his *own* acts, and so had not accepted responsibility for them. Questions about suppliers and confederates were one way to probe whether Escobar–Mejia was the small fry he portrayed himself as being.

After some ambiguous statements, the district judge made this point: "[A] person can say they are afraid and basically cover up their [own] involvement, and say that they were told by somebody to do something [that is, that they were subordinates] ... when, in fact, that's not the situation. That's why we have this acceptance of responsibility, so I will know what your re-

---

* DEFENDANT ESCOBAR–MEJIA: I was told to bring the stuff, and I did it, and I was paid for it.
 THE COURT: Who told you to do that?
 DEFENDANT ESCOBAR–MEJIA: Somebody, your Honor.

THE COURT: So in order to find out if that's, in fact, what happened, we can't go to anybody, because we don't know who they are, because you won't tell us.

sponsibility really was. That's why it's not cooperation [that spells the difference] ..., it's not assistance of the Government in the apprehension of other individuals. [I need the information] for me to adequately assess how responsible, how much the defendant is willing to accept his responsibility for this role." This passage, too, is potentially ambiguous. Our bracketed insertions show how we think the oral statements parse. It would be possible to give the language a less generous interpretation, such as: "That's why it's not cooperation ..., it's not assistance of the Government in the apprehension of other persons [and therefore does not satisfy § 3E1.1]."

A more careful summary of reasons would avoid pitfalls of this kind. Casual exchanges adequate under pre-guideline practice suffice no longer. Although our reading of the sentencing proceeding as a whole produces the sense that the district judge appreciated the difference between § 3E1.1 and § 5K1.1, the judge's statements do not establish this. Prudence counsels a remand, so that the judge may make more formal findings appropriate in light of the difference between § 3E1.1 and § 5K1.1, and if warranted alter the sentence.

The remaining question is whether the evidence supports the conclusion that Escobar–Mejia sold more than five kilograms of cocaine. The evidence that he did is hearsay; Loizzi did not testify. Escobar–Mejia tries to make a constitutional question of this, relying on the rule that a sentence may not be founded on materially false information. But this doctrine, derived from *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), is not an invitation for appellate courts to re-determine the facts in sentencing cases. The due process clause requires courts to use procedures adequate to reach informed and accurate decisions in the main; it does not guarantee that all decisions will be correct or persuasive to the accused. *United States v. Turner*, 864 F.2d 1394 (7th Cir.1989); *United States ex rel. Villa v. Fairman*, 810 F.2d 715, 718–19 (7th Cir.1987). Hearsay is a staple in sentencing. *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). Nothing shows that the evidence was false or perjured; Escobar–Mejia's disagreement with the substance of the evidence is not a constitutional objection to its use. Escobar–Mejia could have called Loizzi to the stand; that the prosecution thought it could prove its case without Loizzi (a belief borne out by the judge's decision) does not undermine the force of the evidence actually introduced.

REMANDED.