951 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Victor Lynn ROBINSON, Defendant/Appellant.
 No. 91-1745.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 12, 1991.
Decided Dec. 18, 1991.
 
 Before CUMMINGS, WOOD, JR. and CUDAHY, Circuit Judges.
 
 ORDER
 
 1
 Victor Robinson, who pleaded guilty to conspiring to possess cocaine, raises two challenges to his sentence: (1) that the judge wrongly refused to give a two point reduction for his acceptance of responsibility and (2) that the district court miscalculated the amount of cocaine involved in his base offense level. We find that although the judge correctly denied the acceptance of responsibility reduction, he did not make appropriate findings regarding the quantity of cocaine involved. We, therefore, vacate and remand for resentencing.
 
 I. FACTS
 
 2
 Robinson pleaded guilty to conspiring to possess cocaine. At sentencing, the court determined Robinson's base offense level after considering three separate "events." (Sentencing Tr. at 158-160).
 
 
 3
 The first event involved 133 grams of cocaine transactions between Robinson and a government informant. Robinson admitted engaging in these sales, and does not contest them now.
 
 
 4
 The second event was a traffic stop on April 3, 1990. During the stop, the government seized 477 grams of cocaine which it argued belonged to Robinson. To support its theory, the government introduced testimony from two witnesses. The first, James Patterson, testified that Robinson admitted losing a pound (or 385 grams) of cocaine in early April.[1] The second, Charlotte Mosley, testified that Robinson owned the cocaine and was in the car at the time of the stop. Robinson, however, called several witnesses who contradicted Mosley's testimony.
 
 
 5
 The judge included the pound of cocaine in sentencing calculations stating:
 
 
 6
 I guess that I come out of that April 3rd stop with a belief that it's short of the preponderance of the evidence that I think I should find these things by. On the other hand, I do believe that the one pound that he admitted [to Patterson] losing takes us over the 500 gram limit ...
 
 
 7
 (Sentencing Tr. at 160).
 
 
 8
 The third event involved alleged cocaine transactions between Robinson and James Patterson. Patterson contended that he purchased five to six ounces of cocaine from Robinson, but Robinson denied the transactions. The court believed Patterson and included 142.5 grams, the equivalent of 5 ounces, in the sentencing calculations.
 
 
 9
 Based on the three events, the district judge determined that Robinson had conspired to possess between 500 grams and one kilogram of cocaine. The judge, therefore, set Robinson's base offense level at 26. The judge refused to reduce this level two points for acceptance of responsibility. (Sentencing Tr. at 160)
 
 II. ANALYSIS
 
 10
 A. The Acceptance of Responsibility Reduction
 
 
 11
 Section 3E1.1 of the Federal Sentencing Guidelines allows a two point reduction from a defendant's base offense level "if the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1. The section also lists considerations for determining whether a defendant has accepted responsibility. Id.
 
 
 12
 The most important of these considerations is whether a defendant pled guilty. Id. ("entry of a plea of guilty prior to the commencement of trial combined with the truthful admission of involvement in the offense and related conduct will constitute significant evidence of acceptance of responsibility"); United States v. Escobar-Mejia, 915 F.2d 1152, 1153 (7th Cir.1990). A guilty plea does not, however, entitle a defendant to a sentencing reduction as a matter of right. U.S.S.G. § 3E1.1(c). In fact, the Guidelines list other important considerations including "voluntary and truthful admission of involvement in ... related conduct" and "the timeliness of the defendant's conduct in manifesting the acceptance of responsibility." Id.
 
 
 13
 Whether a defendant has accepted responsibility for his crime is a factual question which appellate courts review using a "clearly erroneous" standard. United States v. Sullivan, 916 F.2d. 417, 419 (7th Cir.1990).
 
 
 14
 The district court's decision in Robinson's case was not clearly erroneous. In the sentencing hearing, district court stated:
 
 
 15
 And the acceptance of responsibility, it's true that he pled guilty, which gets you started on the acceptance of responsibility, but thereafter I think there's been a total failure of truthfulness, and I don't think that constitutes affirmative acceptance of personal responsibility and I am not willing to concede to the assignment of a two point reduction for that adjustment.
 
 
 16
 (Sentencing Tr. at 160-61).
 
 
 17
 The judge's assertion that Robinson was untruthful has support in the record. For example, at his plea hearing, Robinson originally stated that he did not conspire with other people, but changed his story after the judge told him that he could not accept the plea. (Plea Tr. at 35-36). Robinson also refused to admit related conduct. (Plea Tr. at 25).
 
 
 18
 Robinson argues, however, that the court should not force him to accept responsibility for crimes other than those to which he has pleaded guilty. (Appellant's brief at 21). See United States v. Santiago, 906 F.2d 867, 873 (2nd Cir.1990).
 
 
 19
 We reject Robinson's argument for two reasons. First, it conflicts with the plain language of the guidelines. The guidelines discuss "truthful admission of involvement in the offense and related conduct [emphasis added]." U.S.S.G. § 3E1.1. Thus, they require courts to examine other offenses. Second, the argument is inconsistent with Seventh Circuit cases which have denied the two-point reduction to defendants who refuse to admit involvement in related crimes. See United States v. Osborne, 931 F.2d. 1139, 1155-56 (7th Cir.1991).
 
 
 20
 Thus, the court's decision to deny the two-point acceptance of responsibility reduction was not clearly erroneous.
 
 B. The quantity of cocaine involved
 
 21
 Robinson also contends that the district court miscalculated the quantity of cocaine involved in his case. Robinson admits selling 133 grams of cocaine but challenges the court's decision to include (1) the cocaine seized during the traffic stop, and (2) the cocaine allegedly sold to James Patterson.
 
 
 22
 When making sentencing calculations, a judge may properly consider related criminal conduct even if a defendant is not charged with or convicted of the conduct. United States v. Caicedo, 937 F.2d 1227, 1235 (7th Cir.1991). A court may not, however, include related conduct unless it determines by a preponderance of the evidence[2] that the related conduct (1) was attributable to the defendant and (2) was "part of the same course of conduct or common scheme or plan" as the offense of conviction. U.S.S.G. § 1B1.3(a)(2); United States v. White, 888 F.2d 490, 500 (7th Cir.1990). A district court must make findings regarding these issues and state cognizable reasons for its decisions. Id.; United States v. Carey, 895 F.2d 318, 325 (7th Cir.1990). In Robinson's case, the district court complied inadequately with this requirement, and thus we must remand.
 
 
 23
 Robinson's first argument is that the court, in effect, failed to state comprehensible reasons for including the pound of cocaine from the traffic stop. (Appellant's reply brief at 3). The court included the pound after hearing evidence from two different sources: the testimony of witnesses involved in the stop and the hearsay testimony of James Patterson. After hearing this evidence, the district court may have believed that the witnesses spoke about two different pounds of cocaine. The parties have, however, agreed that the evidence dealt with the same pound, and we will assess the court's findings based on that conclusion.
 
 
 24
 Robinson argues that the judge acted inconsistently when he included the pound of cocaine based on Patterson's testimony after stating "I come out of that April 3rd stop with a belief that it's short of the preponderance of the evidence that I think I should find these things by." (Appellant's reply brief at 3; Sentencing Tr. at 160). Now that the parties concede that the evidence relates to the same pound of cocaine, we conclude that the judge's findings may be inconsistent. We, therefore, remand to allow the district court to reconsider the evidence and make more specific findings.
 
 
 25
 Robinson also objects to the court's decision to include 142 grams of cocaine in his sentencing calculations based on alleged cocaine transactions with James Patterson. (Appellant's brief at 10-14). These acts could only be included if they were part of the same scheme or plan as the offense of conviction. U.S.S.G. 1B1.3(a)(2). To determine whether two acts are part of a single scheme, district courts look at several factors including, the timing of the events, the co-conspirators involved, and the customers. White, 888 F.2d at 500. District courts must make findings indicating which factors apply and which events are included. Id.; United States v. Voprivil, 891 F.2d 155, 157 (7th Cir.1989).
 
 
 26
 Under this standard, the district court erred because it included the transactions with Patterson without making any findings regarding the course of conduct. It did not discuss the timing, co-conspirators, or customers in its decision.
 
 
 27
 Thus, we must VACATE Robinson's sentence and REMAND the case to the district court to allow the court to make specific findings and resentence Robinson.
 
 
 
 [1]
 It is uncertain after reading the sentencing transcript whether the pound of cocaine seized in the stop and the pound which Mr. Patterson testified about were actually the same pound. However, both parties apparently agreed at oral argument it was the same cocaine. (see also appellant's reply brief at 2; appellee's brief at 14)
 
 
 [2]
 Despite Mr. Robinson's contention that a clear and convincing evidence standard should apply in his case, we apply the preponderance standard. United States v. Kikumura, 918 F.2d 1084, 1101 (3rd Cir.1990) does suggest a clear and convincing standard in certain unusual circumstances, but Mr. Robinson's case is not an unusual case. United States v. Schuster, No. 90-3642, slip op. at 5-6 (October 1, 1991); see United States v. Ebbole, 917 F.2d 1495 (7th Cir.1990) (no due process violation where defendant pleaded guilty to distributing a gram of cocaine but was sentenced for 1.2 kilograms)