989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Hernando ESCOBAR-MEJIA, Defendant/Appellant.
 No. 91-1425.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 3, 1993.*
Decided March 10, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Hernando Escobar-Mejia pleaded guilty to two counts of distributing cocaine, and the court sentenced him to 121 months' imprisonment. In reaching that sentence the court denied Escobar-Mejia a two-level reduction for "acceptance of responsibility" under U.S.S.G. § 3E1.1. Escobar-Mejia appealed the judge's decision to deny the reduction. United States v. Escobar-Mejia, 915 F.2d 1152 (7th Cir.1990). In our opinion following that first appeal we held that it was unclear whether the court had denied the reduction because Escobar-Mejia failed to accept responsibility for all his criminal conduct, or because he refused to tell the court about other drug dealers. The former reason would be proper under § 3E1.1, but the latter reason would fall under U.S.S.G. § 5K1.1 (substantial assistance) and would not be an appropriate reason for denying the motion. Although we agreed that the court had ample support for finding that Escobar-Mejia dealt more cocaine than he would admit to the judge, we concluded that "[p]rudence counsels a remand, so that the judge may make more formal findings appropriate in light of the difference between § 3E1.1 and § 5K1.1, and if warranted alter the sentence." Escobar-Mejia, 915 F.2d at 1154.
 
 
 2
 On remand the district court held a hearing at which Escobar-Mejia admitted to personal responsibility for dealing three and a half kilograms of cocaine. The court, however, stuck to its original finding that he had distributed more than this: "The defendant distributed much more cocaine than he was willing to admit or for which he was willing to accept responsibility." (R. 55). In its formal findings the court concluded that, based on its reading of § 3E1.1, "the defendant was not candid about his own criminal conduct" and therefore did not warrant a downward departure in his sentence. Escobar-Mejia now appeals that ruling.
 
 
 3
 We remanded this case after the first appeal for the narrow purpose of allowing the district court to state specifically its reasons for denying the two-level reduction. Escobar-Mejia argues that now that the district court has seen the case for a second time it has changed its reasoning for denying the reduction in sentence. The first time, Escobar-Mejia argues, the court denied the reduction because he had not been forthright about his role in the offense; now, Escobar-Mejia contends, the court has changed its basis for denying the reduction to Escobar-Mejia's failure to accept responsibility for all his conduct. The very reason we remanded the case, however, was that we could not discern exactly why the court denied the reduction. In light of this remand the court held a hearing, listened to Escobar-Mejia's testimony, and made findings of fact. The court now has made clear that it denied Escobar-Mejia's motion for a reduction in sentence because it found that Escobar-Mejia admitted to dealing three and a half kilograms of cocaine although he had a hand in dealing seven kilograms. Because Escobar-Mejia did not take full responsibility for his actions the court denied the motion.
 
 
 4
 Escobar-Mejia also argues that according to the language of § 3E1.1 he needs to admit only to the "criminal conduct" for which he was charged, not to the uncharged offenses that the court considered for sentencing purposes. In our prior opinion we found that the law allowed and the evidence supported a denial of the reduction sought as long as the court was denying the reduction for Escobar-Mejia's refusal to own up to what he did, not for his failure to tell the government about other drug-dealing activity. The court has made its reasons clear so we need not revisit this issue.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs