25 F.3d 1054
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Juan REYES, Defendant-Appellant.
 No. 93-1474.
 United States Court of Appeals, Seventh Circuit.
 Argued April 27, 1994.
Decided June 1, 1994.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, 91 CR 11, James B. Zagel, Judge.
 N.D.Ill.
 VACATED AND REMANDED.
 
 ORDER
 
 1
 After pleading guilty to conspiring to commit armed bank robbery but before sentencing, Juan Reyes fled to Mexico. A few months later, he attempted to reenter the United States and was apprehended on the Texas border. Because the court revoked the original plea agreement, Reyes agreed to plead guilty to both the conspiracy and armed robbery charges. Despite his flight, the district court granted him a two-level reduction for acceptance of responsibility at sentencing. U.S.S.G. Sec. 3E1.1. The court denied Reyes' request for an additional one-level reduction for acceptance of responsibility pursuant to the newly amended Sec. 3E1.1, effective November 1, 1992. Reyes appeals from that denial, arguing that the district court misapplied the Guidelines by inappropriately considering his flight to Mexico under Sec. 3E1.1(b).[1] Because the district court offered no explanation for the denial of the additional reduction, we are unable to determine whether it relied on factors beyond the scope of subsection (b). Accordingly, we vacate the sentence and remand to the district court for resentencing. United States v. Escobar-Mejia, 915 F.2d 1152 (7th Cir.1990).
 
 
 2
 Whether the district court may consider a specific factor in denying a reduction for acceptance of responsibility is a question of interpretation of the Sentencing Guidelines that will be reviewed de novo. United States v. Rosalez-Cortez, No. 93-1239, slip op. at 12 (7th Cir. Mar. 24, 1994); United States v. Gio, 7 F.3d 1279, 1289 (7th Cir.1993). Although the district court failed to explain why it denied the three-level reduction for acceptance of responsibility, both parties assume in their briefs that the reason for the denial was Reyes' flight to Mexico. The assumption is a valid one given that the government relied solely on that factor in objecting to the three-level reduction at the sentencing hearing. Such a general explanation for the denial, however, is insufficient given the limited factors the district court may consider under Sec. 3E1.1(b).
 
 
 3
 Under subsection (b)(1), the district court determines whether the defendant timely provided the government complete information concerning his own involvement in the offense. Hence, Reyes' flight to Mexico is relevant only if the district court finds that Reyes' actions affected his cooperation with the authorities on the conspiracy and bank robbery charges.[2]
 
 
 4
 Under subsection (b)(2), the district court may only consider if the defendant pleaded guilty early enough to permit the government to avoid preparing for trial and to allow the court to efficiently allocate its resources. United States v. Tello, 9 F.3d 1119, 1125-26 (5th Cir.1993). Consequently, contrary to the government's contention, the waste of FBI resources in searching for Reyes is not relevant in determining whether Reyes is entitled to the additional one-level reduction unless his flight also affected the efficiency of the court or the prosecution. See United States v. Robinson, 14 F.3d 1200, 1203 (7th Cir.1994) ("Section 3E1.1(b)(2) is meant to reward early guilty pleas which enhance efficiency for the government, and for the court"); Tello, 9 F.3d at 1125-26 (the effect on the efficiency of any governmental agency other than the court or the prosecutor's office is not relevant under subsection (b)(2)).
 
 
 5
 The record before us contains numerous examples of how Reyes' flight to Mexico might have disrupted the court's calendar. For instance, after Reyes was arrested at the border, the court issued several minute orders, held an additional hearing regarding the revocation of Reyes' plea agreement and his change of plea, and convened another sentencing hearing. In addition, although there is no evidence that the government ever prepared for trial, it spent additional resources negotiating a second plea agreement and attending hearings. The district court, however, never made these factual determinations, and it is not the function of the appellate court to make findings of fact to support the sentence imposed by the district court, even if such facts exist in the record. United States v. Tai, 994 F.2d 1204, 1212 (7th Cir.1993).
 
 
 6
 Nonetheless, the government contends that the grant of the additional one-level reduction to Reyes would violate the purpose of Sec. 3E1.1(b) as stated in the Background commentary:
 
 
 7
 Subsection (a) provides a 2-level decrease in offense level. Subsection (b) provides an additional 1-level decrease for a defendant at offense level 16 or greater prior to operation of subsection (a) who both qualifies for a decrease under subsection (a) and has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the steps specified in subsection (b). Such a defendant has accepted responsibility in a way that ensures the certainty of his just punishment in a timely manner, thereby appropriately meriting an additional reduction.
 
 
 8
 Sec. 3E1.1, comment. (backg'd.) (emphasis added).
 
 
 9
 The government emphasizes the last sentence and contends that Reyes' conduct did not ensure "the certainty of his just punishment" because he almost escaped all punishment. Yet, requiring the denial of the additional reduction whenever the defendant's actions undermine the certainty of his punishment arguably adds an extra element to the acceptance of responsibility analysis which is not specifically stated in the text of Sec. 3E1.1 or the commentary. See Stinson v. United States, 113 S.Ct. 1913, 1918 (1993) (Commentary to the Guidelines must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation); cf. Tello, 9 F.3d at 1126 (Sec. 3E1.1(b) does not require that the defendant commences to serve his sentence in a timely manner). Although the district court could have considered the implications of Reyes' flight to Mexico under Sec. 3E1.1(a) and denied him the two-level reduction for acceptance of responsibility, it did not. Once the court proceeded to subsection (b), its discretion to consider the effects of the obstruction charge was curtailed; moreover, to deny the additional reduction, it must find that the defendant failed to assist the authorities under both subsections (b)(1) and (b)(2).
 
 
 10
 The government's reliance on United States v. Booth, 996 F.2d 1395 (2nd Cir.1993) (per curiam), in which the district court denied the additional credit for acceptance of responsibility because of the defendant's attempt to obstruct justice by telling his victims not to speak with FBI agents, is unpersuasive. Because the Booth court did not explain its decision or apply the facts of the case to the specific provisions of Sec. 3E1.1, any attempt to analogize Booth with the case at bar would be a speculative exercise. See U.S.S.G. Sec. 3E1.1, comment. (n. 6) ("The timeliness of the defendant's acceptance of responsibility is a consideration under both subsections, and is context specific") (emphasis added).
 
 
 11
 Finally, the district court's failure to provide an adequate record to review the denial is not harmless error. If Reyes is entitled to the additional one-level reduction in his offense level, he would be placed in a lower guideline range. Although the term of imprisonment Reyes received--75 months--would be possible under both scenarios, we cannot state with certainty that Reyes would have received the same term of imprisonment under the different guideline range. United States v. Dawson, 1 F.3d 457, 466 (7th Cir.1993); United States v. Mount, 966 F.2d 262, 265 (7th Cir.1992).
 
 
 12
 We emphasize that we make no observation as to whether Reyes deserves the additional one-level reduction for acceptance of responsibility. We note merely that the district court has not given us the benefit of its reasoning whereby we cannot determine whether it appropriately limited its discretion to the criteria listed in Sec. 3E1.1(b). Accordingly, we VACATE the sentence and REMAND to the district court for further consideration of the additional one-level reduction for acceptance of responsibility.
 
 
 
 [1]
 On appeal, the government notes that had Reyes not fled to Mexico, he would have been sentenced in January 1992 before the amended version of Sec. 3E1.1, allowing for the three-level reduction, went into effect. Thus, Reyes is seeking to benefit from his flight. Although the government is correct, it is also true that the district court must apply the Guidelines in effect at the time of sentencing unless the application of the amended Guideline violates the Ex Post Facto clause of the U.S. Constitution. 18 U.S.C. Sec. 3553; U.S.S.G. Sec. 1B1.11; United States v. Seacott, 15 F.3d 1380, 1384 (7th Cir.1994)
 
 
 [2]
 The government attempts to downplay the extent of Reyes' assistance by noting that he never had to testify against his co-conspirators because they all pleaded guilty. Of course, the co-conspirators' decisions to plead guilty may have resulted from their knowledge that Reyes had agreed to cooperate fully with the government. Moreover, requiring Reyes to actually participate in the trial of his co-conspirators would couple an additional element onto Sec. 3E1.1(b)(1) other than simply providing information