**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jeffrey KIRKLAND, Defendant–
Appellant.**

**No. 94–1139.**

United States Court of Appeals,
Seventh Circuit.

Argued May 12, 1994.

Decided June 30, 1994.

**50**

Andrew B. Baker, Jr., Asst. U.S. Atty. (argued), Dyer, IN, for plaintiff-appellee.

William S. Kaminski (argued), Newby, Lewis, Kaminski & Jones, LaPorte, IN, for defendant-appellant.

Before ESCHBACH, FLAUM, and RIPPLE, Circuit Judges.

ESCHBACH, Circuit Judge.

Defendant Kirkland appeals the district court's sentence of seventy (70) months for his plea of guilty to one count of being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). Specifically, he contests the district court's refusal to grant him a three-point offense level reduction for his acceptance of responsibility. U.S.S.G. § 3E1.1.

On August 4, 1993, a federal grand jury returned a one-count indictment against Jeffrey Dean Kirkland for being a felon in possession of a firearm. Kirkland pled guilty on October 15, 1993. Pursuant to his plea agreement, the government agreed to make a non-binding recommendation for a three-point reduction in sentence level pursuant to United States Sentencing Guidelines § 3E1.1, so long as Kirkland continued to manifest an acceptance of responsibility and abstained from using any controlled substances. Subsequent to his arrest and prior to his plea agreement Kirkland tested positive eight times for THC, the active ingredient in marijuana, and failed to appear for testing three times. Kirkland also tested positive for THC on the day of his plea and

three times thereafter, and again failed to appear for testing two times after his plea. In early November 1993 Kirkland did enter a drug rehabilitation program.

Kirkland argues the district court should have granted him a three-point offense level reduction for acceptance of responsibility allowed by Sentencing Guidelines § 3E1.1 because he timely manifested his acceptance of responsibility, saving the government time and resources, and because he entered into a rehabilitation program for his drug dependency. *See* U.S.S.G. § 3E1.1, comment. (1(g)). Section 3E1.1 allows a district court to reduce a defendant's sentence level two points if the defendant clearly accepts responsibility for his actions, and an additional point if the defendant accepts responsibility early enough to save the government resources it would have used in preparation for trial. Upon review of a district court's § 3E1.1 determination, we are mindful that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference...." U.S.S.G. § 3E1.1, comment. (n. 5). Moreover, even if a defendant pleads guilty prior to the commencement of trial, "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n.3). Whether a defendant has accepted responsibility is a question of fact we review for clear error. *United States v. Larsen*, 909 F.2d 1047, 1049 (7th Cir.1990).[1] We review the sentencing judge's application of the Sentencing Guidelines with due deference. *United States v. Thomas*, 11 F.3d 1392, 1399 (7th Cir.1993) (quoting *United States v. Randall*, 947 F.2d 1314, 1320 (7th Cir.1991)).

Although Application Note 1 to the Commentary to § 3E1.1 lists several factors a sentencing judge may consider in evaluat-

---

1. There is some question as to whether or not Kirkland waived this issue in the district court. If so, we would review only for plain error. Fed.R.Crim.P. 52(b); *United States v. Lashmett,* 965 F.2d 179, 185 (7th Cir.1992) (citation omitted). However, we need not resolve whether or not Kirkland waived this issue because the dis-

ing whether a defendant has clearly exhibited an "acceptance of responsibility,"[2] that list, as it states, is not exclusive. The sentencing judge may properly consider any behavior of the defendant relevant to his acceptance of responsibility, including drug use. *See supra* note 2. Therefore, although persuasive evidence, it is not necessarily sufficient that a defendant merely plead guilty and save the government time and resources under § 3E1.1. A defendant must also continue to manifest an acceptance of responsibility. This includes termination of both criminal conduct and non-criminal behavior inconsistent with an acceptance of responsibility.

 Kirkland continued to use drugs, in contravention of his plea agreement and at odds with his claimed acceptance of responsibility. However, far more important, he failed even to show up for drug testing two times after his plea agreement. Although too late now, perhaps Kirkland could have demonstrated to the district court that because of a possible drug addiction he simply could not quit using marijuana cold turkey, which might explain the continued presence of THC in his urine. However, the fact that Kirkland did not show up for testing is convincing evidence that he had not accepted responsibility, notwithstanding his later entry into a drug rehabilitation program. Based on these facts, we cannot find any clear error in the sentencing judge's assessment that Kirkland had not manifested an acceptance of responsibility. As a result, the sentencing judge's decision not to award Kirkland the three-point offense level reduction under § 3E1.1 was well within his dis-

cretion. Therefore we AFFIRM the district court's sentencing order.

---

trict court committed neither plain nor clear error, nor did it abuse its discretion.

2. Included among those factors is the "voluntary termination or withdrawal from criminal conduct or associations." U.S.S.G. § 3E1.1, comment. (1(b)). As we held in *United States v. McDonald*, 22 F.3d 139, 144 (7th Cir.1994), "[a] district court may conclude that continued criminal activity, such as use of a controlled substance, is not consistent with acceptance of responsibility," even where the underlying offense

to which the defendant has pled guilty is not drug-related.

However, this is not to say that a district judge *must* consider drug use or that drug use will always preclude the finding of an acceptance of responsibility. Although not the case today, we can envision situations in which, say, an addict genuinely accepts responsibility for his offense and drug use but because of his addiction will occasionally test positive for drug use. Under these circumstances, a sentencing judge might find the defendant sufficiently accepted responsibility to warrant the reduction under § 3E1.1.