42 F.3d 1392
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Javier CONTRERAS, Defendant-Appellant.
 No. 93-3573.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 22, 1994.
Decided Nov. 23, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written plea agreement, Javier Contreras was found guilty of conspiracy to distribute a controlled substance (cocaine), in violation of 21 U.S.C. Sec. 846, with the understanding that the government represented it could prove by a preponderance of the evidence that defendant possessed 3,500 to 5,000 grams of cocaine. At the conclusion of the sentencing hearing, the court found defendant responsible for this amount of cocaine. Defendant was sentenced to a mandatory minimum term of 10 years' imprisonment.
 
 
 2
 Defendant's attorney now files a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and defendant has filed a response. See 7th Cir.R. 51(a). Counsel raises several possible arguments. The first is whether defendant's due process rights were violated, or the United States Sentencing Commission exceeded its statutory authority in enacting Sec. 1B1.3 of the Sentencing Guidelines, by permitting the consideration of uncharged conduct (here, the sale of cocaine other than that sold to undercover law enforcement personnel) at sentencing. We have held that uncharged conduct may be considered at sentencing. United States v. Beler, 20 F.3d 1428, 1431 (7th Cir.1994); United States v. Ebbole, 917 F.2d 1495 (7th Cir.1990).
 
 
 3
 Another argument raised is whether defendant has a due process right at the sentencing hearing to have the government prove uncharged conduct beyond a reasonable doubt. The Supreme Court has held that the preponderance standard satisfies the requirements of due process. McMillan v. Pennsylvania, 477 U.S. 79, 91, 106 S.Ct. 2411, 2419, 91 L.Ed.2d 67 (1986); Ebbole, 917 F.2d at 1501.
 
 
 4
 It appears that counsel is also raising the possible argument that the government failed to establish by a preponderance of the evidence the "uncharged allegations of possession and distribution of cocaine allegedly made by [defendant] in the course of conduct as outlined in the pre-sentence investigation report" (PSI). Defendant counsel noted at sentencing that defendant had showed some concern that he was arrested for delivering only 546.1 grams of cocaine, yet would be entering a plea based upon 3,500 to 5,000 grams of cocaine. The probation officer wrote that defendant had been involved in distributing cocaine for a considerable period of time. A prior arrest in state court resulted in probation, and he was subsequently arrested in the present case. The PSI states that the total amount of cocaine actually purchased or seized by law enforcement personnel on the dates in question was 546.1 grams. The PSI goes on to detail "relevant conduct" including various regular sales made by defendant to a number of different people during 1991 and 1992.[1] This specific information is sufficient to support the quantity of drug finding by a preponderance of the evidence. See United States v. Musa, 946 F.2d 1297, 1307 (7th Cir.1991); Fed.R.Crim.P. 32(c)(3)(D).
 
 
 5
 Our review of the record does not disclose any non-frivolous arguments that could be raised on appeal. Accordingly, we grant counsel's motion to withdraw, and we DISMISS the appeal.
 
 
 
 [1]
 Several of defendant's regular customers were interviewed. For example, one person interviewed stated that he bought one ounce of cocaine from defendant one time per week from December 1991 through January 1992 (1 ounce X five weeks = 5 ounces = 140 grams)