42 F.3d 1392
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Eric Scott JEFFRIES, Defendant-Appellant.
 No. 93-3119.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 22, 1994.
Decided Nov. 23, 1994.[1]
 
 Appeal from the United States District Court, for the Northern District of Indiana, South Bend Division, No. 93 CR 33; Robert L. Miller, Jr., Judge.
 N.D.Ind.
 AFFIRMED.
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Eric Scott Jeffries was convicted of filing fictitious claims for income tax refunds[2] in violation of 18 U.S.C. Sec. 287. He was sentenced to 24 months' imprisonment, followed by a three-year term of supervised release and payment of $2,700 as restitution. On appeal, Jeffries argues that the sentencing court erred in denying him a reduction for acceptance of responsibility because, while on pretrial release, he tested positive for drugs three times, and was arrested for battery twice.
 
 
 2
 Section 3E1.1 of the United States Sentencing Guidelines (U.S.S.G.) provides that the offense level may be reduced by two levels if "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. Sec. 3E1.1(a). The sentencing court may consider defendant's "withdrawal from criminal conduct." U.S.S.G. Sec. 3E1.1, comment (n. 1). Defendant bears the burden of demonstrating that he is entitled to a reduction for acceptance of responsibility. United States v. Guadagno, 970 F.2d 214, 224 (7th Cir.1992). We will overturn the sentencing court's determination only if it is clearly erroneous. United States v. Yanez, 985 F.2d 371, 374 (7th Cir.1994). However, questions of law relating to a sentencing decision are reviewed de novo. United States v. Prevatte, 16 F.3d 768, 779 (7th Cir.1994).
 
 
 3
 In this case, the district court found that after his arrest defendant failed to distance himself from criminal behavior. Defendant argues that the post-arrest offenses[3] were dissimilar from the drug charges, and therefore should not have been considered. Initially we note that there is a connection between the offense of conviction and the use of drugs. Defendant stated that the filing of false tax claims was motivated by his need for drug money, and at least one of the battery charges involved alcohol or drug use.
 
 
 4
 Moreover, a sentencing court can consider any post-arrest conduct, related or not, when deciding whether to allow a reduction for acceptance of responsibility. United States v. Kirkland, 28 F.3d 49 (7th Cir.1994) (gun possession charged; post-arrest drug use and failure to appear for drug testing); United States v. McDonald, 22 F.3d 139 (7th Cir.1994) (counterfeiting charged; post-arrest drug use). Accord United States v. O'Neil, 936 F.2d 599 (1st Cir.1991) (mail theft charged; post-arrest use of marijuana and breaking into a building); United States v. Watkins, 911 F.2d 983 (5th Cir.1990) (check forging charged; use of cocaine while awaiting sentence; United States v. Scroggins, 880 F.2d 1204, 1215-16 (11th Cir.1989) (postal theft charged; use of cocaine while awaiting sentence). In McDonald, 22 F.3d at 143-44, we acknowledged that the Sixth Circuit has taken an opposing position in United States v. Morrison, 983 F.2d 730 (6th Cir.1993), and we expressly rejected that position.
 
 
 5
 The district court properly considered defendant's post-arrest conduct. We AFFIRM the judgment of the district court.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [2]
 The fraud resulted in a loss of $26,966; Jeffries received $17,324 of that amount
 
 
 [3]
 While on pretrial release, defendant testified positive for marijuana in April 1993; positive for codeine and morphine later in April; and positive for cocaine in May, 1993. In June 1993, defendant was arrested for battery, public intoxication and disorderly conduct in a domestic dispute. The victim told the police that defendant was under the influence of cocaine and alcohol. In July 1993, defendant was arrested for two counts of battery in another domestic dispute. No convictions resulted from these charges