**UNITED STATES of America**

v.

**Stephen SHULTZ.**

**No. 3:94–CR–67 RM.**

United States District Court, N.D. Indiana, South Bend Division.

March 2, 1995.

William T. Grimmer, Asst. U.S. Atty., South Bend, IN, for plaintiff.

Brian J. May, South Bend, IN, for defendant.

*SENTENCING MEMORANDUM*

MILLER, District Judge.

Stephen Shultz owned a business called Micromasters. In 1992, Mr. Shultz and Don Langenderfer used the business to launder about $21,000 Mr. Langenderfer had made in the drug trade. As a result, Mr. Shultz has tendered guilty pleas to two counts of aiding and abetting money laundering, 18 U.S.C. §§ 1956(a)(1)(B)(i), 2, as part of a plea agreement in which eight other charges are to be dismissed. One objection was made to the presentence report. The court adopts the remainder of the presentence report—¶¶ 1–31 and 33–72—as its own findings, specifically including ¶¶ 51–60 regarding Mr. Shultz's earning ability and financial condition, with the additional findings that since the date of the presentence report, Mr. Shultz's financial condition has worsened: Micromasters' net debt now approaches $30,000; further, there is no ready market for the stock identified in ¶ 54 of the presentence report.

Because the guidelines in effect at the time of the offenses are no more lenient, the court applies the November 1, 1994 version of the sentencing guidelines.

The base offense level for money laundering is 20. U.S.S.G. § 2S1.1(a)(2). That offense level is increased to 23 because the defendant knew or believed that the moneys were from illegal drug transactions. U.S.S.G. § 2S1.1(b)(1). Because the offenses involved less than $100,000, no adjustment is made for the amount of money laundered. U.S.S.G. § 2S1.1(b)(2). The offenses are "grouped" together pursuant to U.S.S.G. § 3D1.2(d).

■ The presentence report recommends that Mr. Shultz be denied the offense level reductions for acceptance of responsibility provided by U.S.S.G. § 3E1.1. Mr. Shultz and the government both recommend that the court grant the reductions. Those recommendations, of course, are not binding on the court. *United States v. Garcia,* 35 F.3d 1125 (7th Cir.1994).

■ U.S.S.G. § 3E1.1(a) provides a two-level reduction in offense level if the defendant clearly demonstrates acceptance of responsibility for his offense. U.S.S.G. § 3E1.1(b) provides an additional one-level reduction if (1) the defendant qualifies for the two-level reduction under § 3E1.1(a), (2) the defendant's offense level is 16 or greater, and (3) the defendant either (a) timely provided complete information to the government concerning his own involvement in the offense, or (b) notified the prosecution of his intention to plead guilty sufficiently in advance of trial as to allow the government to avoid trial preparation and to allow the court to allocate its resources efficiently. The defendant bears the burden of showing a clear acceptance of responsibility. *United States v. Dvorak,* 41 F.3d 1215, 1217 (7th Cir.1994).

■ Sentencing courts in this circuit are to examine the non-exclusive list of considerations set forth in the application notes to U.S.S.G. § 3E1.1 when assessing a claim of acceptance of responsibility, *United States v. Beal,* 960 F.2d 629, 635 (7th Cir.), *cert. denied* —— U.S. ——, 113 S.Ct. 230, 121 L.Ed.2d 166 (1992); *United States v. Sullivan,* 916 F.2d 417, 420–421 (7th Cir.1990), although a single factor may outweigh all the

others. *United States v. Corn,* 956 F.2d 135, 137 (7th Cir.), *cert. denied* —— U.S. ——, 112 S.Ct. 1574, 118 L.Ed.2d 218 (1992). Those considerations are as follows:

a. *Truthful admission of the conduct comprising the offense or offenses of conviction and truthfully admitting or not falsely denying additional relevant conduct.* Based on the government's recommendation, the court believes that this factor favors Mr. Shultz's claim for the offense level reduction. Further, at the sentencing hearing, Mr. Shultz conceded that he is an alcoholic, thus accepting responsibility on a different plane, apart from the offenses of conviction.

b. *Voluntary termination or withdrawal from criminal conduct or associations.* This factor cuts in both directions. Mr. Shultz's offenses of conviction relate to his involvement with Mr. Langenderfer; Mr. Shultz voluntarily terminated that relationship. On the other hand, Mr. Shultz also was arrested for drunk driving after pleading guilty in this case, undercutting a claim that he has withdrawn from criminal conduct.

■ c. *Voluntary payment of restitution prior to adjudication of guilt.* This factor has no application; restitution is impossible for the offense of money laundering.

■ d. *Voluntary surrender to authorities promptly after commission of the offense.* Mr. Shultz did not surrender voluntarily promptly after the offenses' commission. The offenses occurred in 1992, and he was indicted in September, 1994. Nonetheless, the court believes this to be a factor that is significant only on those rare occasions when the described conduct occurs. Few defendants do this.

e. *Voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense.* The record is not sufficient to allow the court to evaluate this factor. Mr. Shultz has agreed to cooperate with investigators, but his alcoholism apparently has interfered with his cooperation. It is unclear whether Mr. Shultz has helped authorities recover any fruits or instrumentalities of the offense.

f. *Voluntary resignation from the office or position held during the commission of the offense.* This factor does not favor a reduction in offense level. Mr. Shultz remains in his position as head of Micromasters. The court affords little weight to this factor, however, since Micromasters is Mr. Shultz's source of legitimate income.

g. *Post-offense rehabilitative efforts.* This factor cuts both ways. Mr. Shultz is an alcoholic, although the record does not support an inference that his disease played any role in the offense conduct. As is detailed below, Mr. Shultz has made post-offense rehabilitative efforts that did not bear fruit.

h. *The timeliness of the defendant's conduct in manifesting the acceptance of responsibility.* This factor favors Mr. Shultz, who pleaded guilty two weeks before trial.

These are not, however, the only factors on which the probation officer relied in making her recommendation. Mr. Shultz performed poorly with respect to the conditions of his pretrial supervision. On the day he was placed on pretrial supervision, with a condition that he refrain from the excessive use of alcohol, Mr. Shultz's urine tested positive for the presence of alcohol. A similar urinalysis fifteen days later led to an agreement between the probation officer and counsel that Mr. Shultz seek substance abuse treatment at a local mental health center. An appointment was made for Mr. Shultz, who missed the appointment by a day, and Mr. Shultz then left the mental health center without providing a requested urine sample. The mental health center recommended intensive outpatient treatment. Two weeks later, Mr. Shultz was arrested for driving while intoxicated.

Five days after that arrest, Mr. Shultz returned to the mental health center and asked to be placed into in-patient treatment. He was hospitalized for nine days for detoxification. Upon release, he was directed to participate in intensive out-patient treatment, a program from which he was discharged fifteen days later for failing to attend and for the detection of alcohol in urinalysis.

Mr. Shultz also missed several appointments with the pretrial services officer; he was to produce urine samples at some of those appointments. As a result of his failures to report and his arrest, his pretrial release was revoked in January; Mr. Shultz has been in custody since that time.

█ Mr. Shultz has clearly accepted personal responsibility for the offenses of conviction in the street sense, but the Application Note demonstrates that the sentencing guidelines look for something more. One who "fesses up" to his crime, *United States v. Trussel,* 961 F.2d 685, 691 (7th Cir.1992); *United States v. Escobar–Mejia,* 915 F.2d 1152, 1153 (7th Cir.1990), accepts responsibility in the ordinary sense of the word, but acceptance of responsibility credit may be denied to such a defendant who has engaged in criminal activity while on pretrial release, even if the criminal activity differs from the offense conduct, *see, e.g., United States v. McDonald,* 22 F.3d 139 (7th Cir.1994); *accord, United States v. Kirkland,* 28 F.3d 49 (7th Cir.1994), because post-plea criminal activity defeats any claim that the defendant has voluntary withdrawn from criminal conduct.

Mr. Shultz argues that enhancement of his sentence due to his alcohol-related behavior while on pretrial release would be to punish him for failing to do what he cannot do, *see United States v. Kirkland,* 28 F.3d at 51, in effect punishing him for being an alcoholic. The court disagrees. A practicing alcoholic might be incapable of refraining from the excessive use of alcohol, but still can appear for scheduled appointments and urine drops. If Mr. Shultz's failures with respect to his pretrial ·release were reflected in his sentence, the sentence would be based on his conduct, not his disease.

As troubling as Mr. Shultz's conduct on supervision has been, however, it has not—with the single possible exception of his drunk driving arrest—been criminal. The defendants in the cases cited in the preceding paragraph may have had no less severe a substance abuse problem than does Mr. Shultz, but one addicted to illegal drugs must engage in criminal activity to feed their addiction; an adult alcoholic need not. The alcohol in Mr. Shultz's urine betrayed no criminal activity; it indicated only that he was not overcoming his alcoholism. Similarly, Mr. Shultz committed no crime by failing to keep his appointments with his pretrial services officer.

█ The court has no difficulty with the proposition that a defendant should face a greater sentence for failure to comply with the conditions of his pretrial release, but does not believe that the sentencing guidelines allow an increase in sentencing range (as distinct from selection of a sentence within the range) under the circumstances of this case. The court does not believe the Application Notes to U.S.S.G. § 3E1.1 justify a denial of acceptance of responsibility on the ground that a defendant violated the conditions of his pretrial release through otherwise legal activity that is not shown to have been connected with the offense of conviction.

Finally, the court turns to the matter of Mr. Shultz's drunk driving arrest. Even assuming Mr. Shultz's guilt of the charge, the court does not believe that a single misdemeanor, consisting of conduct wholly dissimilar to the offense of conviction, outweighs Mr. Shultz's "street sense" acceptance of responsibility.

█ The court finds that Mr. Shultz has accepted responsibility within the meaning of the sentencing guidelines, entitling him to a two-level reduction in offense level under U.S.S.G. § 3E1.1(a). The timeliness of his guilty plea entitles him to a third level of reduction under U.S.S.G. § 3E1.1(b). His offense level is reduced to 20.

At level 20, an offender with no prior criminal convictions faces a sentencing range of 33 to 41 months, U.S.S.G. § 5A, a fine range of $7,500 to $75,000, U.S.S.G. § 5E1.2(c)(3), an additional fine equal to the government's cost of the sentence, U.S.S.G. § 5E1.2(i), a term of supervised release of not less than three nor more than five years, U.S.S.G. § 5D1.2(b)(1), and a special assessment of $50.00 on each count of conviction, 18 U.S.C. § 3013.

The plea agreement requires a sentence at the bottom of the range—as it turns out, 33 months—and the court believes that sentence to be reasonable in light of Mr. Shultz's involvement in the offenses, the amount of money involved, and Mr. Shultz's lack of prior record. A higher sentence within the range would be appropriate in light of Mr. Shultz's repeated non-compliance with the conditions of his pretrial release, but the court does not believe that this consideration justifies rejection of the plea agreement. A minimum term of supervised release is sufficient; Mr. Shultz's performance on pretrial release amply demonstrates that if his supervised release is to be unsuccessful, it will fail quickly.

Accordingly, the court now accepts the defendant's guilty plea and, pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court that the defendant, Stephen Shultz, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 33 months on count 2 and 33 months on count 4, with the terms to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years on count 2 and three years on count 4, with the terms to be served concurrently. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, shall comply with the standard conditions of supervised release that have been adopted by this court, and shall comply with the following additional conditions:

(1) the defendant shall not illegally possess a controlled substance;

(2) the defendant shall not possess a firearm or destructive device;

(3) the defendant shall abstain from the use of alcoholic beverages while on supervised release;

(4) the defendant shall participate in an alcohol aftercare treatment program, which may include urine testing, at the probation officer's direction and discretion, under a co-payment plan under which the defendant will be held responsible for 3 percent per $100 of his net wages as determined by the probation office. If the defendant is unemployed or receiving public assistance, the defendant shall be held responsible for a copayment of $10 per month. Payments shall be made on a per visit basis, and shall not exceed the contract price; and

(5) the defendant shall perform 210 hours of community service as directed by the probation officer.

Because the defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by the sentencing guidelines, the court imposes no fine, but imposes the foregoing requirement of community service as an alternative sanction pursuant to U.S.S.G. § 5E1.2(f).

It is further ordered that the defendant shall pay to the United States special assessments totalling $100.00, which shall be due immediately.

The court recommends that the Bureau of Prisons designate a facility in which intensive treatment for alcoholism will be available to the defendant.