**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Enrique A. ESPINOSA, Defendant–**
**Appellant.**

**No. 00–6207.**

United States Court of Appeals,
Sixth Circuit.

Sept. 18, 2001.

Before GUY and MOORE, Circuit

Judges; HULL, District Judge.*

### ORDER

Enrique A. Espinosa, proceeding through counsel, appeals the sentence imposed upon his conviction for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Both parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Espinosa pleaded guilty to the above charge on April 10, 2000, pursuant to a written plea agreement. In exchange for Espinosa's plea, the government proposed certain reductions to Espinosa's offense level, including a three level reduction for acceptance of responsibility. Espinosa, who was free on bond while awaiting sentencing, did not thereafter report to the pretrial services officer for random urinalysis tests or to the probation officer for a presentence interview. Consequently, the probation officer recommended denying the reduction for acceptance of responsibility and further recommended sentencing Espinosa at the high end of the sentencing range of 78 to 97 months in prison. Over counsel's objections, the district court accepted the probation officer's recommendations and sentenced Espinosa to 97 months in prison, 5 years of supervised release, and a $100 special assessment.

In his timely appeal, Espinosa argues that the district court erred by denying him a three level reduction for acceptance of responsibility.

■ This court does not disturb a district court's factual finding as to whether a defendant has accepted responsibility unless the finding is clearly erroneous.

*United States v. Bradshaw,* 102 F.3d 204, 213 (6th Cir.1996); *United States v. Williams,* 940 F.2d 176, 181 (6th Cir.1991).

■ The Sentencing Guidelines provide that a defendant qualifies for a two level reduction "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." USSG § 3E1.1(a). If the defendant timely provides complete information regarding his own involvement in the offense or timely enters a plea, the defendant may receive an extra one point reduction. *See* USSG § 3E1.1(b)(1) & (2). A defendant who pleads guilty is not entitled to a reduction as a matter of right, but must prove by a preponderance of the evidence that the reduction is justified. *United States v. Mahaffey,* 53 F.3d 128, 134 (6th Cir.1995); *Williams,* 940 F.2d at 181. Commentary to the Sentencing Guidelines further instructs that:

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct ..., will constitute significant evidence of acceptance of responsibility .... However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility.

USSG § 3E1.1, cmt. (n.3).

The district court did not clearly err by denying Espinosa a reduction for acceptance of responsibility. The plea agreement expressly provided that the proposed guideline calculations, which included a reduction for acceptance of responsibility, were contingent on Espinosa remaining free from any violations of his bond. The conditions of his release on bond required

---

* The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation.

him to report on a regular basis to pretrial services, to submit to urinalysis testing upon demand, and to self-surrender. As alluded to above, Espinosa did not report to pretrial services, he did not show up for urinalysis tests, and he did not appear at a show cause hearing concerning revocation of bond. Thus, the timely entry of his guilty plea and admission of relevant conduct was outweighed by his post-plea conduct. *See United States v. Kirkland,* 28 F.3d 49, 51 (7th Cir.1994) (failure to report for drug testing was convincing evidence that defendant had not accepted responsibility). Espinosa's explanation that he could not get off work does not excuse his failure to appear.

Accordingly, the district court's judgment is affirmed.