# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF TENNESSEE

SOUTHERN STYLE SHOPS, INCORPORATED, *v.* MRS. THERESA
G. MANN, *et al.*[*]

*(Nashville. December Term, 1927.)*

Opinion filed April 14, 1928.

1. CONTRACTS. PARTIES. COURTS.

A court will not make a contract for parties, which they did not
make for themselves and did not intend to make. (Post, p. 4.)

2. CONTRACTS. LEASE. OPTION TO RENEW.

The stipulation "If at any time during the term of this lease the
said first parties have a **bona-fide** offer to rent the within de-
scribed premises, they agree to give the second parties herein
the right and option to meet said offer; it being agreed and un-
derstood that the said party of the second part shall, within five
(5) days after being notified by the first parties of any such of-
fers, deliver in writing to the first parties its decision as to wheth-
er or not it desires to meet said offer, and in the event that this
notice is not delivered, then the said second party forfeits its
right to meet said offer," means only that before accepting an

---

[*]As to effect of provision in lease giving tenant first right, or
first refusal to renew lease, see annotation in 14 A. L. R., 1416; 5
R. C. L. Supp., 907; 7 R. C. L. Supp., 547.

offer to rent from a third party the lessor will give the lessee the right and option to meet said offer. (Post, p. 4.)

3. **CONTRACTS. PARTIES. COURTS.**

A court cannot exercise for a party to a contract a power which said party reserved the right to exercise. (Post, p. 4.)

4. **CONTRACTS. LEASE. OPTION TO RENEW.**

The clause "If at any time during the term of this lease the said first parties have a **bona-fide** offer to rent the within described premises, they agree to give the second parties herein the right and option to meet said offer; it being agreed and understood that the said party of the second part shall, within five (5) days after being notified by the first parties of any such offers, deliver in writing to the first parties its decision as to whether or not its desires to meet said offer, and in the event that this notice is not delivered, then the said second party forfeits its right to meet said offer" was not intended to give the lessee the right to renew the lease, but only the option to negotiate for a renewal. Any other construction would render the provision unenforceable because indefinite, uncertain and vague. (Post, p. 5.)

Citing: Warner Drug Co. v. Ella Lea et al., Davidson Equity, decided at Nashville in 1925.

---

*Headnotes 1. Contracts, 13 C. J., section 485; 2. Landlord and Tenant, 35 C. J., section 129.

---

FROM SHELBY.

---

Appeal from the Chancery Court of Shelby County.— HON. M. C. KETCHUM, Chancellor.

WM. W. GOODMAN and LAMAR HEISKELL, for So. Style Shops, Inc.

STICKLEY & FITZHUGH, for Mrs. Mann.

Mr. Justice McKinney delivered the opinion of the Court.

The bill in this cause was filed under the Declaratory Judgments Act to construe a rental contract and determine the rights and interests of the parties herein with respect thereto.

Mrs. Mann is the owner of two store buildings located at Nos. 17 and 19, respectively, on North Main Street, in Memphis.

On January 9, 1926, Mrs. Mann leased, in writing, the building at No. 17 North Main Street to complainant for a term of six years, beginning September 1, 1927, at an annual rental of $12,000.

On August 25, 1926, Mrs. Mann leased the two buildings at Nos. 17 and 19 North Main Street, subject to the Style Shops' contract, to McCrory Stores Corporation, for a period of ninety-nine years. Before doing so, however, she gave complainant an opportunity to lease the two buildings upon the same terms and conditions as those contained in the McCrory offer.

We wish to emphasize the stipulated fact that complainant, while negotiating with Mrs. Mann for the lease of No. 17, requested that a renewal provision be inserted in the contract, which Mrs. Mann would not agree to, but she did incorporate the following provision, which is the basis of the controversy, to-wit:

"If at any time during the term of this lease the said first parties have a *bona-fide* offer to rent the within described premises, they agree to give the second parties herein the right and option to meet said offer; it being agreed and understood that the said party of the second part shall, within five (5) days after being no-

tified by the first parties of any such offers, delivered in writing to the first parties its decision as to whether or not it desires to meet said offer, and in the event that this notice is not delivered, then the said second party forfeits its right to meet said offer.''

Mr. and Mrs. Mann are the first parties and the Southern Style Shops, Incorporated, are the second parties, referred to in said agreement. What was intended by the clause, ''they agree to give the second parties herein the right and option to meet said offer?''

(1) Certainly the court will not make a contract for these parties which they did not make for themselves, and one which, in the opinion of the court, they did not intend to make.

(2) The stipulation is that, before accepting an offer to rent from a third party, the lessor will give the lessee the right and option *to meet said offer.*

Can this be construed to mean that, in the event an offer is made, the lessee shall have the right to renew his lease for the same term, at the same rental and upon the same conditions set forth in the offer? The agreement does not so provide, and such an interpretation might result in great hardship and injustice to the owner, and produce a condition not contemplated by either party. Suppose, for example, the McCrory Stores Corporation had offered to lease No. 17 for ninety-nine years at $9,000 per annum, or an insolvent and irresponsible party had offered to lease No. 17 for ten years at $12,000 per annum, under the construction contended for, complainant would be entitled to a renewal upon the terms and conditions set forth in the offer.

(3) In other words, no matter how unsatisfactory and insufficient the offer might be, the lessor has to renew

the lease with complainant upon the terms of the offer. Evidently such was not the intention and purpose of the parties.

It will, therefore, be necessary to read into the agreement a proviso to the effect that the offer made must be one the lessor is willing to accept, or that is satisfactory to her, and she alone has the right to say whether it is such, and may reject all offers if she so desires. The court cannot exercise for her a power which she reserved the right to exercise.

It is our opinion, however, that Mrs. Mann did not intend to abridge or restrict her right to dispose of this property in any manner she saw fit. She simply intended to say that if a satisfactory offer to lease is made by a third party, before accepting same, she will give the complainant the right to meet the offer; that is, submit a similar or more acceptable offer for her consideration.

One of the most common-place sayings by one who desires to buy or lease a particular piece of property, in speaking to the owner is, "if you decide to sell or lease this property give me a chance at it;" that is, permit me to submit an offer for your consideration.

Likewise, it frequently occurs that when making a lease, where the owner is unwilling to insert a renewal provision, the lessee will say to the owner: "I do not want you to lease this property, at the expiration of my term, without giving me a chance," to which the lessor will reply, "very well" or "all right." This is no more than a request for an opportunity to negotiate and does not rise to the dignity of a contract.

(4) The clause in question was not intended to give complainant the right to renew, but only a right or option to negotiate for a renewal.

In *Warner Drug Co.* v. *Mrs. Ella Lea et al.,* Davidson Equity, decided at Nashville in 1925, the lease contained the following provision, to-wit:

"The said Max Bloomstein agrees to report to said agents on or before the 1st day of August, 1925, whether he will contract to rent said property for another term and unless a lease is agreed upon between us, and notes and contract executed on or before the 5th day of August, 1925, for the further rent of said premises, the said agents shall be permitted to label the same for rent, and show same to persons wishing to rent it."

The court, in construing same, said:

"The words used in the clause referred to suggest negotiation between the lessor and lessee looking to a possible renewal on terms to be agreed upon in future, and such words are incompatible with the idea of an existing right in the lessee."

The principle in the two cases is the same. Any other construction than that given herein would render the provision unenforceable because indefinite, uncertain and vague.

The Chancellor was correct in holding that complainant was entitled to no relief under its bill, and his decree will be affirmed.