Judgment rendered September 27, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,266-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

CHRISTINA L. LOFTIN                          Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 22CR32533

Honorable Amy B. McCartney, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Meghan Harwell Bitoun

CHARLES BLAYLOCK ADAMS                 Counsel for Appellee
District Attorney

EDWIN L. BLEWER, III
NANCY F. BERGER-SCHNEIDER
Assistant District Attorneys

* * * * *

Before PITMAN, COX, and HUNTER, JJ.

HUNTER, J., concurs with written reasons.

**PITMAN, C. J.**

Defendant Christina Loftin pled guilty to felony carnal knowledge of a juvenile. The district court sentenced her to ten years at hard labor. Defendant appeals her sentence. For the following reasons, we affirm.

## FACTS

On May 17, 2022, the state filed a bill of information charging Defendant with one count of felony carnal knowledge of a juvenile, in violation of La. R.S. 14:80. It alleged that on or about the period between March 15 and March 30, 2022, Defendant engaged in sexual intercourse with a juvenile at least 13 years of age but less than 17 years of age, and the difference in their ages was four years or more.

At a hearing on June 16, 2022, Defendant pled guilty to felony carnal knowledge of a juvenile. The district court requested that a presentence investigation report ("PSI") be prepared.

A sentencing hearing was held on August 29, 2022. Sondra Brumley, the mother of the victim, provided a victim impact statement. She stated that her son was born with special needs and that at the age of seven, a neurobehavioral health center classified him as being emotionally disabled and having low intelligence disorder, mixed receptive expressive language disorder, attention deficit hyperactivity disorder, obsessive destructive disorder and a high probability of childhood bipolar disorder. In 2022, Brumley invited Defendant and her children to stay at her house after Defendant told her that her husband beat her. Brumley testified that during the week they stayed at her house, Defendant molested her son. Following this molestation, she observed her son show signs of anger, aggression and deep depression with suicidal tendencies. Brumley asked that the court

impose the maximum sentence allowed because of her fear that Defendant could harm more children.

Defendant chose to make a statement and admitted that she had a "consensual" sexual relationship with a 16-year-old when she was 36. She apologized to Brumley for abusing her trust and to the victim for the "shameful things [she] allowed to happen between [them]." She took full responsibility for her actions. She stated that since being in jail, her mental health medications have been regulated, and she attributed her poor choices to not taking her medication on top of mental stress from an abusive marriage. She asked the district court to impose a sentence of probation so she does not miss out on "precious time" raising her daughter.

The district court reviewed the PSI and noted that Defendant reported that she was the victim of physical and sexual abuse when she was a child; that she was raised by her grandmother; that she has an 18-year-old son and a 6-year-old daughter; that she is separated from her husband; and that she is the victim of domestic abuse. It stated that she dropped out of school in ninth grade, obtained a GED in 2008 and has not been employed since the age of 18. It noted that Defendant reported diagnoses of schizophrenia and depression and has had two mental health hospitalizations, most recently in 2019. It stated that Defendant admitted to daily marijuana use since the age of 14 and methamphetamine use and that she completed two 30-day inpatient substance abuse programs, most recently in 2018. The court noted that Defendant has one prior felony conviction for possession of a Schedule II CDS in 2017 and a prior misdemeanor conviction for possession of marijuana in 2007.

The district court also analyzed the La. C. Cr. P. art. 894.1 guidelines. As to La. C. Cr. P. art. 894.1(A), it determined that a lesser sentence would deprecate the seriousness of the crime. It considered the mental health disabilities of the victim and that Defendant knew or should have known of such. It also noted the 20-year age disparity between Defendant and the victim. The district court sentenced Defendant to ten years at hard labor and required her to register as a sex offender and to complete a sex offender treatment program. It also referred her for mental health treatment and substance abuse treatment. It entered a permanent protective order that prevents Defendant from having any contact with the victim.

On September 19, 2022, Defendant filed a motion to reconsider sentence, arguing that it is excessive. The district court denied the motion.

Defendant appeals.

## DISCUSSION

In her sole assignment of error, Defendant argues that the district court imposed an unconstitutionally excessive maximum sentence. She contends that a consideration of the particularities of this case point to a lower sentence, including that her prior convictions are nonviolent, that she expressed sincere remorse for her actions, that she has struggled in her life with substance abuse and mental health crises and that she has been the victim of sexual abuse as a child and domestic abuse as an adult. She notes that since being imprisoned she has regulated her medication and learned to be more independent. She expresses a plan to become employed and a desire to raise her children.

The state argues that the district court did not abuse its discretion when sentencing Defendant. It explains that the district court considered the

3

La. C. Cr. P. art. 894.1 guidelines and individualized the sentence to Defendant based upon the offense she committed. It contends that the sentence is reasonable when considering that Defendant took sexual advantage of a disabled juvenile victim who was 20 years her junior. It states that the sentence does not shock the sense of justice when considering the societal harm and the harm to the individual victim created by her offense. It notes that Defendant could have been charged with a more serious offense and benefited from the lesser charge of felony carnal knowledge of a juvenile.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court complied with La. C. Cr. P. art. 894.1. *State v. Smith*, 433 So. 2d 688 (La. 1983). The trial judge need not articulate every aggravating and mitigating circumstance outlined in La. C. Cr. P. art. 894.1, but the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. *Id*. The important elements the trial court should consider are the defendant's personal history, prior criminal record, seriousness of offense and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981). There is no requirement that specific matters be given any particular weight at sentencing. *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332.

Second, the court must determine whether the sentence is unconstitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v.*

4

*Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1, *citing State v. Bonanno*, 384 So. 2d 355 (La. 1980).

As a general rule, maximum or near-maximum sentences are reserved for the worst offenders and the worst offenses. *State v. Jones,* 52,672 (La. App. 2 Cir. 5/22/19), 273 So. 3d 585, *writ denied,* 19-01075 (La. 10/1/19), 280 So. 3d 160.

The trial court has wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. *State v. Abercrumbia*, 412 So. 2d 1027 (La. 1982). On review, an appellate court does not determine whether another sentence may have been more appropriate but whether the trial court abused its discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7, *citing State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957.

Whoever commits the crime of felony carnal knowledge of a juvenile shall be fined not more than $5,000, or imprisoned, with or without hard labor, for not more than ten years, or both. La. R.S. 14:80(D)(1).

The trial court did not abuse its discretion when sentencing Defendant to ten years at hard labor. The trial court complied with La. C. Cr. P. art. 894.1, reviewed the PSI and considered the statements made by Defendant and the victim's mother at the sentencing hearing. The trial court detailed Defendant's personal history, emphasized the seriousness of the offense and particularized the sentence to Defendant. Considering the facts of this case, the sentence imposed is not unconstitutionally excessive. Defendant, who was 36 years old at the time of the offense, took sexual

advantage of a special needs 16-year-old.  The ten-year sentence is not out of proportion to the seriousness of the offense.

Accordingly, this assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, we affirm the conviction and sentence of Defendant Christina Loftin.

**AFFIRMED.**

**HUNTER, J., concurring.**

The State, within its sole discretion, has the vast province of the criminal code to charge any defendant before the Court. In the legal profession, it is a widely held axiom maximum sentences are reserved for the worst offenders. However, review of maximum sentences is not limited to just the facts of the crime, but also the corresponding sentencing range based on the plea presented. Perhaps a different charge, first-degree rape (for example), would have rendered an excessive sentence argument moot under the facts of this case.